CARTER
v.
PHELPS'S
Administrator.

In an action of *assumpsit a-gainst* an admi-nistrator, the plaintiff in his declaration sta-ted that the pro-mise was made by the intestate in his life-time, and by the de-fendant, "admi-nistrator as a-foresaid," since the death of the intestate. The declaration was held sufficient, especially, after verdict, it being tantamount to alleging that the promise was made by the de-fendant, *as ad-ministrator.*

A count on a promise made by an *executor,* or *administra-tor, as such,* and for which he is not personally liable, may be joined with a count on a pro-mise made by the testator or intestate; and whether the promises be in one and the same, or in se-parate counts, is immaterial.

CARTER *against* PHELPS's Administrator.

THIS was an action of *assumpsit.* The declaration con-tained six counts. The first count was on a special agreement, made by the intestate, in his life-time, and stated a breach of the agreement, and the intestate's lia-bility; but no promise was stated. The second count was for goods sold and delivered to the intestate, in his life-time, by which he became indebted, &c. and a pro-mise, by the intestate, in his life-time, and after his death, a promise by the defendant, *administrator as aforesaid,* to pay, &c. In the third and fourth counts, which were for goods sold and delivered, and work and labour, the promise to pay was also stated to be by the intestate in his life-time, and since his death, by the defendant, *adminis-trator as aforesaid,* &c. The 5th count was for work and labour, &c. in consideration of which the intestate, in his life-time, and the defendant, since the death of the intestate, promised to pay the plaintiff as much as he rea-sonably deserved to have, &c. and the plaintiff averred, that he reasonably deserved to have for the same one thousand dollars, of which the intestate, in his life-time, and the defendant, administrator as aforesaid, at, &c. had notice. The 6th count was for money paid, &c. and al-leged the promise by the intestate, in his life-time, and by the " defendant, administrator as aforesaid," since the death of the intestate. The *breach* was alleged to be by the intestate, in his life-time, and by the " defendant, ad-ministrator as aforesaid," since the death of the intes-tate.

The defendant pleaded the general issue; and the cause was tried at the *Chenango* circuit, in *June* last, when a verdict was found for the plaintiff.

A motion was now made, in arrest of judgment, 1. Be-

cause, the promise by the intestate and the defendant were joined in the same counts.

2. Because the promise, set forth in the five last counts, ought to have been alleged to have been made by the defendant, *as administrator*, &c.

The cause was submitted to the court, without argument.

*Per Curiam.* There is no well-founded objection to the counts in the declaration. In all of them the cause of action is stated to have arisen in the life-time of the intestate, and though the promise by the defendant is not stated to be made by him *as* administrator, yet it is stated, in every instance, that the cause of action arose, and a promise to perform it was made, by the intestate, and a promise also by the defendant, " administrator as aforesaid." In one part of the 5th count, this addition is omitted, but in the latter part of the count, the notice of the value of the service is stated to be given to him, " administrator as aforesaid." The breach states, that all the defaults were by the intestate in his life-time, and by the defendant, " administrator as aforesaid." In no one instance, is the defendant charged in his own right. He is charged throughout, as administrator, and any objection to the omission in stating the promise to have been made by him, *as* administrator, or in omitting that addition in part of the 5th count, was, in this case, only the omission of matter of form, and is good after verdict. The case of *Brigden* v. *Parkes* (2 *Bos. & Pull.* 424.) is not applicable; for there the executor was charged as being liable in his own right, and the cause of action to have arisen after the testator's death. If any one count had so charged the defendant, it is admitted, it could not have been joined with a count against him, in his representative character. But a count on a promise made by an executor or administrator, *as such*, and in which he is not charged as personally liable, may be joined with a

count on a promise made by the intestate. The rule has become settled. ( 1 *H. Bl.* 102. *Secar* v. *Atkinson.* 7 *Bro. Parl. Cas.* 550. *Ex'rs of Hughes* v. *Hughes.* 6 *Johns. Rep.* 116. 1 *Chitty on Pleading*, 205. b. 2 *Chitty on Pleading*, 61 ) Whether the promise by the intestate, and subsequently by the administrator, for the same cause, be in one or in distinct counts, cannot be material, nor affect the principle. The motion in arrest of judg-ment must, therefore, be denied.

Motion denied.