*264 The opinion of the Court was delivered by
Tilghman, C. J
It is admitted, that the defendants not be liable at law, the debt having survived against surviving obligor. But it is contended, that in equity the executors °f the deceased obligor are liable, because it appears from the nature of the case, that both obligors intended t0 themselves jointly and severally. To say that such was their intention is begging the question. It should rather be supposed, that they knew the difference between a joint obligation, and one that is joint and several. The former is more favourable to the security than the latter, and there may be good reasons for his consenting to be bound jointly, but not severally. Securities are viewed with a favourable eye, both in law and equity. They should be held to the performance of what they clearly agreed to do ; but they ought not to be charged by strained construction, and on doubtful conjectures. If this bond was drawn according to the intent of the parties equity cannot alter it, for that would be to do injustice. But if, from the nature of the case, it may be fairly presumed, that either from fraud, mistake, or accident, the writing was so drawn as to contradict the intent of the parties, then I agree that it is a proper case for relief in equity. In the first place, then, it is a fair presumption, in the absence of all evidence to the contrary, that every man understands what he is doing, and that those obligors undérstood the long and well established difference between a joint and a joint and several obligation. But this presumption may be^rebutted by circumstances ; and one circumstance on which Courts of Equity have laid great stress, is, that the money for which the bond was given, was borrowed by, or came to the use of, both the obligors. In such case, the very act of borrowing does, in itself, amount to a contract antecedent to their entering into a bond, that each and both should be bound to pay. When, therefore, the bond is afterwards so drawn as to constitute only a joint obligation, there is a reasonable presumption, that either through fraud, ignorance, or inadvertence, the meaning of the parties has not been carried into effect. Such has been the reasoning of those Judges who have decided an points of this kind ; and it must be confessed that this is carrying the matter far enough in favour of the obligee. But no case has been shewn, in which equity has gone beyond this, in charging the estate of a *265 surety which has been discharged at law. This will sufficiently appear from an examination of the plaintiffs’ cases. The relief which has been afforded against securities, in cases of lost bonds, is not to the purpose. There the surety had been bound at law, and never discharged either at law or in _ , , , . conscience. But he was protected from a suit at law, by mere form ; so that when equity interfered, it was only to carry into effect the undisputed agreement of .the security, by permitting that evidence of the agreement to be given, which was shut out by the forms of law. Now, indeed, Courts of law have got over the formal objection, and admitted evidence which they once rejected. The only cases cited by1 the plaintiffs’ counsel which bear on the question before us, are those of Primrose v. Bromley, (1 Atk, 90.) Simpson v. Vaughan, (2 Atk. 31,)and Bishop v. Church, (2 Ves.101.371,) Each of these I will examine. In Primrose v. Bromley, Lord Hardwicke is reported to have said as follows : “ There was a case which I determined, where there were two persons jointly bound in a bond ; one of the obligors died, and to be sure at law, it might have been put in suit against the survivor ; but as I thought it extremely hard, I decreed the representatives of the co-obligor should be charged pari passu with the surviving obligor, in the payment of the bond.’’ The case here alluded to is not reported, but it is evident it must have been a case where the obligors were partners, or the money had been borrowed for the use of both ¡ because there is no hardship on an obligor who is principal, if he pays the whole bond, and to make his surety contribute pari passu would not be equity, but inequity. In Simpson v. Vaughan the money had been borroxved by the txyo obligors, and that was the circumstance which decided the case, though it was somewhat strengthened by the fact of the bond being filled up by one of the obligors, a tradesman, who was probably ignorant of the precise nature of the contract. Lord Hardwicke thought there was a probability that there had been a mistake in filling up the bond, and upon that ground charged the estate of the deceased obligor with the whole debt, the survivor being insolvent. In Bishop v. Church, there were two strong circumstances in favour of the relief prayed by the obligee. Although the bond was joint, yet the condition was, “ that it should be'void if the obligors, or either of them, they or either of their heirs,- &c. should pay, &c.” Add to *266 this, that the money was lent to both the obligors as partners*, in the course of their trade. This case was decided by the same Chancellor, (Lord Hardwicice) who declared, that he' considered the condition as an agreement, under hand and seal, to pay the money,jointly and severally. ' These are all the cases worthy of notice, cited on the part of the plaintiffs, and it is evident, that so far from establishing any principle by which the estate of the deceased obligor (a bare security) can be charged in equity; they rather prove that it should be discharged, because, in none of them, has the obligor who died first been charged, unless he might fairly be considered as a principal who derived benefit from the money for which the bond was given ; thus establishing a distinction between principal and security. Rut the counsel for the defendant are not without authority to support their argument; for the very point now in controversy was decided in the case of Harrison, executor of Meng v. Field’s executors, in the Court of Appeals of Virginia. 2 Washing. 136. That case was well considered, because the decree of the Chancellor was reversed, who had granted relief to the obligee against the executor of the deceased obligor, the survivor being insolvent.
I would not lay it down as a rule, that in no case can recourse be had to the executor of a deceased obligor who was discharged at law by death, and who was only a surety ; but I am clearly of opinion, that in the present case, there is no ground on which equity would decree any part of the debt to be paid by the defendant. I am, therefore, of opinion that the judgment should be affirmed.
Judgment affirmed.