## SUPREME COURT.

REUBEN D. HULBERT agt. JAMES FERGUSON and MARGARET
BONNER, executors of SAMUEL BROWN, deceased, impleaded
with JAMES FERGUSON and CORNELIUS L. SACKETT.

The rule is well settled, that *at law*, the representatives of a deceased *joint* debtor
are not liable upon the joint obligation.

And *equity* will interpose in such case only upon proof or presumption that the note
or obligation was made joint by *mistake*, when it should have been several, and
that such a presumption will arise only where the deceased, whose representa-
tives are sought to be charged, was beneficially interested in the incurring of the
obligation; never where he is a mere *surety*.

Where the complaint in such action does not allege that there was any mistake in
giving the joint note sued on, and that it appears from the complaint, that the
deceased was a mere surety and not beneficially interested in the credit given upon
the note, the complaint, on demurrer, is fatally defective.

*Seneca Special·Term, May,* 1870.

DEMURRER to complaint.

THE complaint alleged that Ferguson made his note for
$2,000 and procured it to be indorsed by Bonner & Sackett,
and that Ferguson "then and there in consideration of the
sum of $2,000, then and there loaned and advanced to him
by the plaintiff, delivered said note to the plaintiff, who
thereupon, became the owner and holder thereof, and is still
the owner and holder of the indebtedness represented
thereby, namely, the said sum of $2,000 loaned and advanced
to said Ferguson, at the time aforesaid, and as aforesaid."
That before maturity, this note was given up to Ferguson
by plaintiff, in consideration of Ferguson's giving plaintiff
another note for same amount at ninety days, indorsed by
Bonner & Sackett.   That before the maturity of this last
note plaintiff informed Ferguson & Bonner "that the same

must be paid when due, as the plaintiff did not want to have the trouble of watching indorsed notes in order to have them protested. That thereupon, Ferguson & Brown requested plaintiff to take a *joint* note to be executed by them and Sackett at sixty days. That Bonner on another occasion, in the absence of Ferguson, and before the last mentioned indorsed note became due, urged the plaintiff to accept a new *joint* note; that he wanted this done on his own account; that the note to be thus given, would be better than the one plaintiff had, as it would be his (Bonner's) note as well as Ferguson's." That plaintiff finally yielded to the request of Bonner and Ferguson, and consented to take a new *joint* note. That in a day or two thereafter, Ferguson, Bonner and Sackett duly made and executed their *joint* promissory note, dated, &c., whereby *they* promised to pay, &c., and then and there before the said last mentioned (indorsed) note became due, delivered the said joint note to plaintiff, in exchange for said last mentioned (indorsed) note, which was then delivered up to them. That Bonner died May 28, 1866, and that Ferguson and Sackett are insolvent.

The executors of Bonner demur, for that the complaint does not state a cause of action.

S. R. TEN EYCK, *for the plaintiff.*

In equity, creditors have a remedy against representatives of a deceased copartner, if the survivor is insolvent. (*Hammersly* agt. *Lambert*, 2 *Johns. Ch.*, 508; *Wilder* agt. *Keeler*, 3 *Paige*, 166, 172.)

The joinder of parties is right, and the complaint sufficient. (*Butts* agt. *Genung*, 5 *Paige*, 254; *Lawrence* agt. *Trustees, &c.*, 2 *Denio*, 577; *Parker* agt. *Jackson*, 16 *Barb.*, 34, 44; *Voorhees* agt. *Childs*, 17 *N. Y.*, 354; *Yorks* agt. *Peck*, 14 *Barb.*, 644; *Bloodgood* agt. *Bruen*, 4 *Seld.*, 362.)

The executors are estopped from denying that it was Bonner's note. (*Brookman* agt. *Metcalf*, 4 *Robts.*, 568;

34 *How.*, 429; *Manuf'rs' and Traders' Bank* agt. *Hazard*, 30 *N. Y.*, 226; *Jones* agt. *Howell*, 3 *Robts.*, 438; *Horton* agt. *Davis*, 26 *N. Y.*, 495; 2 *Parson's on Contracts*, 340.)

The rule that equity will not interfere against a mere surety, to make the obligation several, as well as joint, has no application. (*Wiser* agt. *Blachly*, 1 *Johns. Ch.*, 609; *Farmers' Loan and Trust Co.* agt. *Smitt*, *Clarke*, 540; *Robbins* agt. *Richardson*, 2 *Bosw.*, 248.)

II. The character of the original note must control and establish the rights of plaintiff and fix the liability of defendants. That was several; and Bonner's liability was not changed by giving the subsequent note. It was not intended to be changed. If so, it was under a mistake, and equity will grant relief. (1 *Story's Eq. Jur.*, § 167; *Hyde* agt. *Tanner*, 1 *Barb.*, 75.)

By the surrender of the old and giving of the new note, Bonner received a benefit, became a principal maker. (*Battle* agt. *Coit*, 19 *Barb.*, 68; *Teaz* agt. *Chrystie*, 2 *Abb.*, 109; *Berry* agt. *Radcliff*, 6 *Johns. Ch.*, 306; *Babcock* agt. *Beman*, 1 *Kern.*, 200.)

CHAS. A. HAWLEY, *for the defendants, the executors of Bonner.*

I. At law, the representatives of a deceased joint debtor, are totally discharged. (*Bacon's Abr. tit. "Obligations" D.*, 4; 1 *Chitty's Pleadings*, 36; *Lawrence* agt. *Leake, &c.*, 2 *Denio*, 577.)

II. They are not liable in equity, unless the survivors are insolvent. (*Voorhees* agt. *Childs*, 17 *N. Y.*, 354.)

III. The representatives of a deceased joint maker of a note or bond, cannot be charged at law, and are not chargeable in equity, except upon the *presumption* that the obligation was made joint by *mistake*, or upon proof of such mistake. (1 *Story's Eq. Jur.*, §§ 162 to 164, *and cases cited.*)

Hulbert agt. Ferguson

*a.* There can be, here, no proof of mistake of fact, because none is alleged; nor any presumption of mistake, because every such presumption is repelled by the allegations of the complaint. It alleges that a *joint* note was intended.

*b.* The complaint repels any presumption of mistake of law—none is alleged. Nor is there any such presumption—nor any relief if there were. (*Lyon* agt. *Richmond,* 2 *Johns. Ch.,* 51; *Hunt* agt. *Ronsmaneer's Adm'rs,* 1 *Peters,* 1; *Willard's Eq. Jur.,* 59 *to* 64, *and cases cited.*)

IV. But the presumption of mistake is only indulged where the deceased joint contractor received a benefit; was in fact a joint debtor and had a liability, independent of the note. The presumption is never indulged in against a mere surety. (1 *Story Eq. Jur.,* §§ 162, 163, 164, *and cases cited;* *Yorks* agt. *Peck,* 14 *Barb.,* 644; *Bradley* agt. *Burwell,* 3 *Denio,* 61; *Hunt* agt. *Ronsmaneer's Adm'rs,* 8 *Wheaton,* 174.)

*a.* A surety is bound by his express contract, and by that only. There are no presumptions against him. (*Same cases as above;* *Griffith* agt. *Reed,* 21 *Wend.,* 505; *Walsh* agt. *Bailie,* 10 *Johns.,* 179; *Penoyer* agt. *Watson,* 16 *Johns. R.,* 99.) And hence

V. Where one of the makers of a *joint* note dies, if such deceased maker was a mere surety, his personal representatives are not liable thereon. (1 *Story's Eq. Jur.* §§ 162, 163, 164; *Hunt* agt. *Ronsmaneer's Adm'rs,* 8 *Wheat.,* 174; *Yorks* agt. *Peck,* 14 *Barb.,* 644; *Bradley* agt. *Burwell,* 3 *Denio,* 61; *Carpenter* agt. *Provost,* 2 *Sandf.,* 537; *United States* agt. *Price,* 9 *How. U. S. Rep.,* 83; *Fielden* agt. *Lahens, U. S. Circuit Court, S. District of N. Y., not reported*). 

VI. Bonner was a mere surety

(*a.*) An indorser, even after protest, is to be treated as a surety. (*Pitts* agt. *Congdon,* 2 *Comst.,* 354; *Suydam* agt. *Westfall,* 4 *Hill,* 211; *Wood* agt. *Jefferson Co. Bank,* 9 *Cow.,* 206; *Griffith* agt. *Reed,* 21 *Wend.,* 506).

(*b.*) Before protest his liability has not begun to exist.

(*c.*) Nor is there any presumption that his liability will

ever be fixed. The presumption is that the note will be paid at maturity.

(*d*.) Bonner when he signed the note in suit received no consideration. He had received none, no benefit of any kind. He was freed from no liability, for he had none. There was no independant liability against him. He signed as a mere surety, and the demurrer is well taken.

DWIGHT, J.—The rule is well settled, and not questioned here, that, at law, the representatives of a deceased joint debtor are not liable upon the joint obligation. The complaint in this action is, therefore, in the nature of a bill in equity, and the question raised by this demurrer is whether the allegations of the complaint make a case in which the defendants as the representatives of a deceased joint maker of a promissory note are chargeable upon principles of equity.

I think it clear that it does not.

The doctrine of all the authorities to which my attention has been called, and to which I have been able to refer, is that equity will interpose in such a case only upon proof or presumption that the note was made joint by mistake, when it should have been several, and that such a presumption will arise only where the deceased, whose representatives are sought to be charged, was beneficially interested in the incurring of the obligation; never where he is a mere surety. (*Story's Eq. Juris.*, §§ 162, 163, 164; *Yorks* agt. *Peck*, 14 *Barb.*, 644; *Bradley* agt. *Burwell*, 3 *Denio*, 61; *Carpenter* agt. *Provost*, 2 *Sandf.*, 537).

It is upon this principle only, viz.: of the several interest in the credit given, that the representatives of a deceased partner have (in case of the insolvency of the survivors), been held chargeable in equity with the joint debt. (*Story's Eq. Juris.*, § 676, *and cases cited*).

The fatal defects of the complaint under consideration are, 1*st*. That there is no allegation of mistake, and 2*d*.

Hulbert agt. Ferguson.

That it appears that the deceased Samuel Bonner was a mere surety, and not beneficially interested in the credit given upon the joint obligation.

The allegations of the complaint show him to have been a mere accommodation indorser upon the original note and the one given for its renewal, and that the note in suit was given in substitution for the last mentioned note before it became due, and for the same consideration. It is true that the complaint alleges that this substitution was accepted by the plaintiff at the urgent request of the deceased Bonner, and upon his statement that it would be an especial favor to him, but these statements do not change his relation to the original indebtedness, nor make him anything more than a mere surety upon the note finally made. At the time of the substitution, the indorsed note was not yet due; the liability of the indorser had not been fixed; and there is no allegation that at that time the maker was insolvent; the presumption then was that he would pay the note, and that the indorser would never become liable upon it.

The deceased, therefore, not being beneficially interested in the credit given, being in fact a mere surety, no presumption of mistake will be indulged against him, and there is certainly no allegation of an express contract by which the note was to have been several. On the contrary, the contract expressly alleged is that the plaintiff should take the joint note of the maker, and indorsers of the previous notes.

I think, the demurrer must be sustained.