CHARLES C. CORNES, PLAINTIFF, *v.* ANDREW J. WILKIN, EXECUTOR, ETC., OF CHARLES M. BROCKWAY, DECEASED, DEFENDANT.

*Co-sureties — contribution between — Claim rejected by executor — short statute of limitations as to — 3 R. S., (6th ed.) 97, § 49.*

The plaintiff and defendant's testator were joint sureties to an undertaking, given by one Eaton on an appeal by him from a judgment recovered against him by one Burgess in 1872. Defendant's testator died in January, 1873. In July, 1873, the judgment was affirmed, and in November of that year plaintiff was compelled to pay the amount thereof to Burgess.

*Held*, that plaintiff was entitled to compel the estate of his deceased co-surety to contribute one-half of the amount so paid by him.

On September 13th, defendant, as executor, published a notice requiring all persons having claims against his testator, to present them for payment. On April

15, 1874, plaintiff presented his claim for one-half the amount he had been compelled to pay, which was rejected. This action was commenced in November, 1876.

*Held,* that as the claim had not been referred, or a suit commenced within six months from its rejection, it was barred by the short statute of limitations; that the same rule applies where the claim has accrued after death of the testator as where it existed at that time ; that the omission of the middle letter of the testator's name in the order requiring the presentation of claims against the estate, was immater'

MOTION for judgment, on a verdict directed for the plaintiff, subject to the opinion of the court at General Term.

*J. D. Decker,* for the plaintiff. A surety, who has paid the debt of the principal, has a claim for contribution against his co-surety who is *jointly* liable with him upon a joint bond or obligation, and the right of action arises when the surety claiming such contribution pays the debt. The *death* of the co-surety *before* the debt is paid by the surety claiming contribution, does not discharge the obligation or liability to contribute; but this obligation or liability survives against the estate of the co-surety and devolves upon his legal representatives. (*Bradley* v. *Burwell,* 3 Denio, 65; *Barry* v. *Ransom,* 12 N. Y., 466; *Deering* v. *The Earl of Winchelsea,* 2 Bos. & Pull., 271; *Norton* v. *Coons,* 3 Denio, 132; Same Case, 2 Selden, 39; *Armitage* v. *Pulver,* 37 N. Y., 496; *Smith Ex'rs* v. *Anderson,* 18 Md. R., 527; *Marshall & Jenkins* v. *C. De Groot,* 1 Caine's Cases, 122; *Bachelor* v. *Fisk and another, Ex'rs,* 17 Mass. R., 464; *Aspinwall* v. *Sacchi,* 57 N. Y., 335; Story's Eq. Jur. [11th ed.], vol. 1, p. 525; Story on Con. [5th ed.], vol. 2, p. 380; Wait's Actions and Defenses at Law and Equity, vol. 1, p. 182.)

*Daniel Holmes* and *J. C. Cochrane,* for the defendant. Brockway and Cornes being bound *jointly* on the appeal bond, the death of Brockway *terminated the liability* as against him, and the survivor (Cornes), thereupon became solely liable. Brockway's liability being thus terminated, it cannot be indirectly revived by a suit against his representatives for contribution. (*Risley* v. *Brown,* 67 N. Y., 160; *Houck* v. *Craighead,* id., 432; 1 Parsons on Contracts [5th ed.], 30, and note [e], p. 33; *Getty*

v. *Binesse*, 49 N. Y., 385; 1 Story on Contracts, [5th ed.], § 70; *Hulbert* v. *Ferguson*, 40 How., 474; 1 Story's Eq. Juris., §§ 162, 163, and 164; *York* v. *Peck*, 14 Barb., 644; *Morehouse* v. *Ballou*, 16 Barb., 289; *Tobias* v. *Rogers*, 13 N. Y., 59; *Puckafer* v. *White*, 1 Jones & S., 267; *Pickersgill* v. *Laheus*, 15 Wallace, 140; *The United States* v. *Price*, 9 How. [U. S.], 83; *Conover* v. *Hill*, 76 Ill., 342; *Wood* v. *Fisk*, 63 N. Y., 245; 7 Alb. Law Jour., 241.) The plaintiff's claim was barred by the short statute of limitations. (3 R. S. [6th ed.], § 49 [sec. 38], p. 97.) It is objected that the order is for the presentation of claims against the estate of *Charles Brockway* omitting the middle letter of his name. That omission was immaterial; the law recognizes but one Christian name. (*Franklin* v. *Talmadge*, 5 Johns., 84; *Roosevelt* v. *Gardinier*, 2 Cow., 463; *Milk* v. *Christie*, 1 Hill, 102; *Aylesworth* v. *Brown*, 10 Barb., 167; *Van Voorhees* v. *Budd*, 39 Barb., 479; *Claflin* v. *Griffin*, 8 Bos., 689.) Besides, the plaintiff, by presenting his claim under the notice, waives all technical objections to the form of the order.

MULLIN, P. J.:

The verdict in this case was taken at the Circuit, subject to the opinion of the court at General Term, all exceptions to the admission or rejection of evidence being waived. The plaintiff and defendant's testator were joint sureties on an undertaking on appeal to the General Term from a judgment recovered by Ann Burgess against Joseph Eaton, in 1872.

The defendant's testator died in January, 1873, and the judgment was affirmed by the General Term in July of that year. In September, 1873, Ann Burgess recovered judgment against the plaintiff on the undertaking, and on the 11th November of the same year plaintiff paid the judgment. The defendant caused to be published, by the direction of the surrogate of Monroe county, (in which the testator resided at the time of his death,) a notice to persons having claims against the estate of testator to present them, with the vouchers relating thereto, to the defendant on or before a day mentioned. The first publication of the notice was on the 13th September, 1873. On the 15th April, 1874, plaintiff presented a claim to the defendant, as executor, against the

estate of the testator, for one-half the amount paid on the judgment recovered on the undertaking on appeal, and it was at once rejected. This action was commenced the latter part of November, 1876.

The defendant, in his answer, admits the death of the testator, that he left a last will appointing defendant executor, and that letters testamentary were issued to him, and he denies all the other allegations in the complaint. The defendant, in a second defense, sets up the omission of the plaintiff to bring his action to enforce his demand within six months from the first publication of notice to the creditors of the testator to present their claims to him.

On the trial at the Monroe Circuit, after the plaintiff rested, the defendant moved for a nonsuit, on the ground that there is no evidence of an agreement between the deceased and plaintiff by which he undertook to indemnify him for signing the bond; and, in the absence of such an agreement, the obligation was extinguished by his death. The motion was denied, and defendant's counsel excepted.

On motion of plaintiff's counsel, the court directed a verdict in favor of the plaintiff for $631.88, subject to the opinion of the court at General Term.

The defendant's counsel relies upon two grounds in opposition to the motion by plaintiff for a judgment in his favor. These are: 1st. That the testator, being a joint surety with the plaintiff in the undertaking on the appeal, and having died, the plaintiff is not entitled to contribution from the estate of the testator toward the amount paid by him on the judgment recovered on the undertaking. 2d. That plaintiff's action is barred, because not brought within six months from the first publication of notice to the testator's creditors to present their claims against his estate.

The first proposition seems to be disposed of, so far as this court is concerned, by the case of *Norton* v. *Coons* (3 Den., 130). It was distinctly held in that case that one of several co-sureties who pays the debt may call upon the other sureties for contribution, whether they were bound jointly or severally, and whether by the same or different instruments. I do not find that this case has been reversed or questioned. It is, therefore, our duty to

follow it. The death of the testator did not discharge his estate from liability to contribute to the payment of the amount paid by plaintiff upon the joint obligation. (*Bradley* v. *Burwell*, 3 Den., 61).

Section 49, page 97, of 3 R. S. (6th ed.), provides, that if a claim against the estates of deceased persons shall be presented to the executor or administrator, and shall be rejected by him, and shall not have been referred, and a suit therefor commenced within six months after such rejection, it shall be forever barred.

The plaintiff's claim was presented to the executor, and rejected by him, and no reference of the same was made, nor suit brought until the expiration of more than two years from the rejection by the executor. The action is barred, unless it is saved by one or more of the considerations suggested by the plaintiff's counsel.

He insists that the statute does not apply to the claim because it was not a debt due by the testator at the time of his death, and it is such claims only to which the statute applies.

The statute applies to all claims against the estates of deceased persons. That the plaintiff had or has a claim against the estate of defendant's testator cannot be questioned, and it is none the less a claim against his estate because an action to recover it must be brought against the executor, and the judgment therein must be *de bonis propriis*, and not *de bonis testatoris*. In either case, the estate must pay the debt. The short statute of limitations does not begin to run until a right of action accrues in favor of the creditor. The plaintiff's right of action accrued when he paid the money on the judgment, and as that was not until after the testator's death, it follows that the deceased was not indebted to the plaintiff at his death, and it became the debt of the executor. (*Ferrin* v. *Myrick*, 41 N. Y., 315.)

We are not referred to any case that sustains the proposition of the plaintiff's counsel, unless the case of *Bradley* v. *Burwell* may be so understood. But I do not believe the court intended so to decide. The question in that case arose under the section of the statute relating to costs, and it was not necessary to a decision of the case to consider the section relating to the limitations of actions.

The object of requiring claims against the estates of deceased

persons to be presented to the personal representative is to inform him as to the extent of the liability of the estate, and the nature of the demands against it. It is indispensable that notice should be given of all claims, as in no other way can the executor or administrator protect the estate from the payment of unfounded claims, and himself from liability to the creditors or next of kin.

The plaintiff's counsel insists that the six months' limitation should not be held to apply to this case, because the order requiring the presentation of claims against the estate omitted the initial letter " M " from the name of the testator. It is settled that the omission of a second given name is immaterial, and the law does not recognize but one given name, and the plaintiff by presenting his claim in pursuance of the notice waived the objections, if he had any to the notice.

The plaintiff's counsel also objects that the claim presented to the executor was not rejected so as to put in operation the statute of limitations. The rejection was prompt and positive. I am unable to comprehend how it could have been made in more clear or decided terms.

The counsel insists that the delay in commencing the action was excused by reason of his client's efforts to get his pay out of the principal debtor. The statute does not allow of any exception to its operation, and the court has no power to make any.

After the plaintiff's claim was rejected, the executor by letter proposed to plaintiff's counsel to prepare a case under § 372 of the Code to submit to the court upon which to determine whether the estate was liable to contribution. Nothing was done toward carrying out the suggestion thus made, and the plaintiff's counsel now insists that by this negotiation the executor waived the statute, and the right to bring the action has not been barred. It is true that the statute in question is a highly penal one, and is to be strictly construed. After the rejection of the claim, the liability of the estate must be determined in some way, and the one proposed was a very proper one; no suggestion is made by the executor that his views as to the validity of the claim has been changed, or that he doubts the correctness or propriety of its rejection. It was quite natural that he should regret the necessity of

rejecting the claim of a neighbor for so considerable a sum of money, and thereby put him to the expense and trouble of a lawsuit; but he did not suggest any other mode of adjusting the difference between them.

I am of the opinion that the action is barred by the statute, and that a judgment must be entered dismissing plaintiff's complaint.

TALCOTT and SMITH, JJ., concurred in result.

Judgment ordered for defendant.