ANDREW M. JOHNSON, Respondent, *v.* HORACE J. HARVEY, as Administrator, etc., Appellant

The death of one of two or more co-sureties does not relieve his estate from a liability to contribute; the law implies a contract between the sureties originating at the time they executed the obligation by which they became such, to contribute ratably toward discharging any liability which they incur in behalf of their principal; and in case of the death of either, the obligation devolves upon his legal representatives the same as any other contract made by him, the breach of which occurs after his death.

*Waters* v. *Riley* (1 Harr. & Gill. 305), disapproved.

The authorities holding that as against the creditor, the estate of a deceased surety who has executed a joint obligation with others is discharged, distinguished.

*Tobias* v. *Rogers* (13 N. Y. 66), distinguished.

(Argued February 8, 1881 ; decided March 1, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 5, 1880, which affirmed an order of Special Term overruling defendant's exceptions to the report of a referee, to whom a claim against the estate of John G. Allen, defendant's intestate, was referred under the statute, and confirming said report.

The nature of the claim and the facts appear sufficiently in the opinion.

*Frank R. Perkins* for appellant. The referee erred in finding that the estate of defendant's intestate was liable to contribute to the plaintiff. (*Cornes* v. *Wilkins*, 79 N. Y. 129; *Wood* v. *Fisk*, 63 id. 245; *Hollbrook* v. *Fose*, 27 Me. 441; *Ellis* v. *Ham*, 28 id. 385; *Tobias* v. *Rogers*, 13 N. Y. 66.) Although there might have been an original implied agreement between the sureties, there can be nothing implied against the estate represented by the defendant. Its liability must be determined upon the letter of the contract of suretyship, and it cannot by construction be extended beyond its express terms. (*McClosky* v. *Cromwell*, 11 N. Y. 593; *Pickersgill* v. *Lahens*, 15 Wall. 140; *U. S.* v. *Price*, 9 How. [U. S.] 90; *Tobias* v. *Rogers*, 13 N. Y. 66; *Randall* v. *Sackett*, 77 id. 480; *Getty* v. *Binsse*, 49 id. 388; *Wood* v. *Fisk*, 63 id. 248; *Risley* v. *Brown*, 67 id. 160; *Hauck* v. *Craighead*, id. 436; *Davies* v. *Van Buren*, 72 id. 589; *McNulty* v. *Hurd*, 18 Hun, 1.)

*A. G. Rice* for respondent. Between co-sureties the death of one does not relieve his estate from the liability to contribute, and that is so whether the contract is joint or several. (*Bradley* v. *Burwell*, 3 Den. 61; *Norton* v. *Coons*, id. 130; *Barry* v. *Ransom*, 12 N. Y. 462; *Bachelder* v. *Fish*, 17 Mass. 464; *Tobias* v. *Rogers*, 13 N. Y. 59; *Cornes* v. *Wilkin*, 21 N. Y. S. C. 428.)

FINCH, J. The plaintiff and the defendant's intestate, in the life-time of the latter, were joint sureties in an undertaking given in an action for the claim and delivery of personal prop-

erty, in which action one Parshall was plaintiff, and the sheriff of Erie county defendant. Neither of the sureties were parties to that action, but executed the undertaking for the accommodation of the sheriff, or those claiming through him. Before a trial of that litigation one surety, John G. Allen, died, and the present defendant was duly appointed his administrator, and thereafter judgment was obtained in the action in which the undertaking was given, and the surviving surety, by reason of his liability thereon, compelled to pay the sum of $1,592.74. For the one-half part of this he now claims contribution from the estate of his co-surety, and the sole question presented and argued is, whether such contribution can be enforced. The question is hardly an open one in this State. It was held in *Bradley* v. *Burwell* (3 Den. 61) that the death of one of two or more sureties did not relieve his estate from the liability to contribute, and the decision was put upon the ground that the law implies a contract between co-sureties to contribute ratably toward discharging any liability which they may incur in behalf of their principal, such contract originating at the time they execute the original undertaking, and that in the case of the death of either this obligation devolves upon his legal representatives, and is like any other contract made by one, in his life-time, to pay money at a future time, absolutely or contingently, who dies before any breach of the contract. The English cases on the subject were cited in the opinion of the court, as also those of Massachusetts; and it is also to be observed that, in the argument then made, the case of *Waters* v. *Riley* (1 Harr. & Gill. 305) was cited by the learned counsel who contended against the liability of the deceased surety's estate, as it is again brought to our attention here. That case was decided by a divided court, and, like the authorities in Pennsylvania, went upon the ground that the liability of the sureties to each other rested, not upon contract express or implied, but was the product and the mere creature of equity. In *Bradley* v. *Burwell* the same ground was distinctly taken on the argument, and advocated by an ability which never left unsaid what was worthy to be uttered, and

yet the court determined that the liability of the co-surety rested upon an implied contract to contribute, originating at the date of the joint signature, and which bound the estate of one or more who died before the principal liability accrued. The learned counsel for the appellant seems to have been led into a doubt of the authority of *Bradley* v. *Burwell*, and to a hope that we would disregard it, from what has been said by us in cases where the creditor, and not the co-surety, was pursuing a supposed remedy against the estate of a deceased surety. In those cases, which were cases of joint obligation, we have held that such estate is absolutely discharged, both in law and equity; that death puts an end to the obligation of the surety; that the survivor only is liable; stating the conclusion with some force and strength of phrase. But the doctrine was neither new nor recent. The same thing had already been said in *Bradley* v. *Burwell* without at all modifying the view expressed as to the liabilities of the sureties between themselves. The argument, from general expressions, wrested from their aim and purpose, detached from their setting, is often plausible, but rarely useful or effective. We have often held, as between the creditor and the estate of a deceased surety, that the joint obligation of the latter ended with his death. We are not yet prepared to decide that his several obligation, originating at the date of the common signature, to contribute ratably to the payments compelled from his associates, also terminates at his death. In *Norton* v. *Coons* (3 Den. 130) the sureties were all living, and the precise question did not arise, but it was again held that, while contribution between sureties was founded on a general principle of equity and justice, yet what had been an equitable had become a legal right, and that in such case the law will, for all the purposes of a remedy, imply a promise of payment. In the case of *Tobias* v. *Rogers* (13 N. Y. 66) the surety was held not liable to contribute because relieved in his life-time from all liability, either as obligor or co-surety, by a discharge in bankruptcy. It was there said that the defendants in the replevin suit could have released one of the sureties with the assent of the other,

and that to the act of the legislature, providing for a discharge in bankruptcy, such other surety in common with every other citizen, is presumed to have assented. The reasoning has no application to the case of a deceased surety. And while the court added that contribution was not founded upon contract, it was further said that the law following equity will imply a promise to contribute in order to afford a remedy. The justice of such a rule is apparent. Originating in equity, it has been grafted upon the law with the aid of an implied promise to secure the legal remedy. We see no reason to reverse it, but every consideration of equity and justice leads us rather to maintain and enforce it. The decision of the court below was, therefore, right.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.