ZACK. BRYANT *et al. v.* JAMES E. WOODS *et al.*

HOMESTEAD. *Contracts before enactment of exemption. Bonds, official.* The relation between principal and surety, or between sureties themselves, and the rights deduced therefrom, originate in the execution of the instrument of suretyship and is substantially a contract by implication of law from the relation created by the execution of the instrument. Where, therefore, an official bond was executed before the passage of the homestead exemption, and a mortgage given on property to indemnify the sureties, the liability was created by the bond, and the homestead is not exempt, though default was made after the passage of the homestead exemption.

### FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

W. A. COOPER, SPL. HILL and JONES & JONES for complainants.

JOHN S. COOPER for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The only question presented in this record for our determination is, whether Mary Woods, wife of defendant, James E., is entitled to homestead in the house and lot conveyed to complainants in trust to indemnify them as his sureties.

In April, 1866, complainants, with others, became the sureties of said James E. on his bonds as commissioner and clerk of the county court of Gibson

county.   His term expired in April, 1870, and in 1871 he failed to account for money received while acting as clerk and commissioner, for sale of land ordered by the court.   In 1872, Woods being insolvent, executed the deed for the house and lot to secure complainants, to the extent of its value, which is much less than the amount of their liabilities, a part of which they had paid, when this bill was filed, in November, 1875.

Mrs. Woods claims that the default of her husband occurred after 1870, and by the act of that year the house and lot occupied as a homestead, is exempt from liability for said claims.

The chancellor held that the contract out of which defendant James E. Woods' liability arose, was entered into before the enactment of the homestead law, and that defendant, Mrs. Woods, was not entitled to homestead in said house and lot, and appointed a receiver to rent out the same, and defendant, Mrs. Woods, appealed from said decree.

Judge Cooper, in the case of *Eberhardt* v. *Wood,* 2 Tenn. Ch. R., 490–1–4, cites numerous cases holding that the relation between principal and surety, or between the sureties themselves, and the rights deduced therefrom, originate in the execution of the instrument of suretyship, and is substantially a contract by implication of law from the relation created by the execution of the instrument.   And this case was upon appeal affirmed by this court: 6 Lea, 467. See also, *Johnson* v. *Harvey,* 84 N. Y., 363.

The obligation or liability of the defendant, James E., to complainants, then, was created by his bond

executed April, 1866, anterior to the enactment of the homestead law of 1870.

It has been repeatedly held by this court that a homestead is not exempt as against contracts made before the enactment of the law creating the exemption. The liability existed upon defendant James E. before the exemption law was passed, and by the same bond creating the liability, an implied contract was created with complainants to fulfill the obligations of the bond, and indemnify them against loss, and the property he then owned, not then exempt from execution, was and is liable for this purpose: Thompson on Home. and Ex., secs. 9 to 11, and 315.

There was, therefore, no error in the chancellor's decree and it will be affirmed, and the cause will be remanded for further proceedings.