HeN»ersoN, Chief-Justice.
 

 A writ issued to another’ eounty must bo under the seal of tiie court from which it issues. • Without a seal it confers no power on the sheriff; and his acting under it cannot'give it validity. This has heretofore been ruled-in this court, in the case of
 
 The Governor
 
 v.
 
 McRae.
 
 The act of 1797,
 
 '(.Rev. c.-
 
 474, s. 5,) dispensing with the sealing of process in the cases mentioned in it, operates only in those cases. And it is a sufficient answer to say, that this is not one off them, and therefore must he ■ governed by the general rule. But if that act has any effect in this case,- it: is to-shew, that a seal is here necessary. For ifby.thegeneral rule it was not, why make the exception?
 

 It is next contended* that the levy under
 
 the^erifacias.
 
 issued from N ew-Hanov.er County Court, and. returned to
 
 *282
 
 the succeeding session of that court, levied on the lot in dispute, gave the power to
 
 sell;
 
 and that altho’ this case may he embraced by the reasoning of the court in delivering the opinion in the case of
 
 Barden
 
 v.
 
 McKinnie,
 
 yet the facts are very different. There the indorsement of the levy was not made until long after the return of the
 
 f-fa,
 
 the sale was not made until more than two years after its return day ; and in the mean time the defendant in the execution had died. Here, the levy was indorsed at the proper time, the sale made shortly after, and in the life time of all the parties. It -is admitted, that
 
 the
 
 case referred to is a much stronger one than this. But the principle is the same, to-wit, that a sale of lands under
 
 a.ft. fa.
 
 is in virtue of
 
 & power,
 
 and not of a
 
 property
 
 in the thing .sold. The latter is the case, as regards goods. By the seizure, the sheriff acquires a qualified property in them, and may maintain an action founded on that right of property, qualified to be sure, but still it is a right of property. He stands charged to the plain-tiffin
 
 the Ji.'fa.
 
 for their value; and
 
 the
 
 debtor is discharged to the same amount. It is in virtue of this property, that he makes the sale ; mid he needs not a
 
 ven-ditioni exponas
 
 to confer it. He had it before. A
 
 ven-ditioni exponas
 
 only puts him in contempt for not selling. But in regard to a levy on lands, it is far otherwise. The sheriff makes no
 
 seizure ; is not liable
 
 for the value
 
 ;
 
 the debtor is not
 
 discharged
 
 to that or any amount; the sheriff acquires no possession. He only sells the defendant’s estate in.the lands. He does not deliver posses- . sion to the purchaser as he does in the sale of goods, but only clothes him with the defendant’s estate, and leaves him to acquire possession as he can. This shows very clearly, that the sheriff sells by-virtue of a power, and not by virtue of a property of any kind. • When therefore that which gives the power is withdrawn, the power ceases. As a
 
 venditioni eoeponas
 
 can give no power to. sell, it is argued that
 
 ex necessitate
 
 the power given by the
 
 fi. fa
 
 must remain. The argument would prove much, were it true. For altho’ it is admitted, that
 
 a venditioni eoeponas
 
 confers no power to sell in tine case, of a. chattel
 
 *283
 
 levied on under
 
 nfi.fa.
 
 because thepower existed before, and therefore could not be conferred again, yet where the power did not exist before, that reason fails ; and if not conferred by the
 
 venditioni exponas,
 
 it docs not exist. The reason
 
 ex necessitate
 
 is therefore turned against the defendant. In these cases we is are considered, and must consider that a
 
 venditioni exponas,
 
 or order of sale by whatever name it be called, changes its character from that which it bears where there has been a levy on goods. There it confers no power to sell, because the power existed before. But in the case of a levy on lands, it confers the power of sale, for the very contrary reason. Where goods are levied on under an attachment, and they arc afterwards ordered to be sold ; or where lands are levied on by a constable, and returned to court, and ordered to be sold, the order of sale, whether it be called pimply by that name, or
 
 dignified
 
 with the name of.rere-
 
 ditioni exponas,
 
 is the writ which gives the sheriff power to sell; The very same reasoning is applicable to an order to the sheriff to proceed to sell land levied on by a
 
 fi. fa.
 
 which has been returned, and the power of acting under it thereby withdrawn or expired. So also where an heir is sued on his ancestor’s bond, and he confesses and sets out assets, and the plaintiff accepts them, a
 
 venditioni expones
 
 or order to sell them issues. And certainly in this case no power existed before, and independently of the writ.'
 

 
 *282
 
 A
 
 fi.
 
 fa. vests a property in goods seized under it in the sheriff, but as to land it confers upon him only a power to sell.
 

 Goods may therefore b e sold bythesheriffun-der a previous levy without a vendition!; but a sale of land with-outsuch authority is inoperative.
 

 
 *283
 
 If a sheriff has several writs against the same defendant and does not sell under one of them, that writ cannot aid the title of a purchaser under the others, although the money arising from the sale is applied to its satisfaction.
 

 As to the sheriff’s having in his hands writs of
 
 ft. fit.
 
 against the same defendant, at the instance of the Cape Fear Bank, that gave the sheriff no power to sell. For be was directed by the agent of the Cape Fear Bank not to sell under them. And this order given by parol without withdrawing the writ, was good; at any rate the •sheriff obeyed the order and did not act under the writs. And this is not like a case where a person has various powers to,do an act, and does it, a misrecital of the power afterwards, under which power lie could not rightfully do it, will not vitiate the act. He
 
 did
 
 it under
 
 all;
 
 and if
 
 either
 
 was good, the act is effectualj and his mis-yecital shall not prejudice. He clid uot act nor profess
 
 *284
 
 to act under the bank executions. The directions of the agCiv(. wcre good without paying the fees ; and especially i,C(jU^eg{.e{| jn by the sheriff.
 

 riínevlesa/fü" on land and goes °waL°rCmust be directed to lus successor.
 

 jPej- Hendeb-son, C. Justice. Where the sheriff has acted under an unsealed writ, the court . from which it issued, may after its return render it valid by affixing- tlie seal.
 

 y/b cannot examine into the grounds of the decisions in oar sister states, for want of their Laws in regard to these writs
 
 of fi. fa.
 
 There must he something in them to warrant the decisions, or wc .misunderstand the common law.
 

 It' is asked, if the sheriff made a levy on lands, and went out of office, is he to .sell ? I imagine not. Indeed I say not. And yet if the plaintiff’s argument is sound, he must. And if so;. all sales made by succeeding she-r*®3» where their predecessors had made a levy on lands, would be sot asida. For they have uniformly been made ^ p10 successors-, under writs
 
 oí venditioni exponas.
 
 Nor will the application of the surplus in the sheriff’s hands (after applying' what he chose to the
 
 venditioni
 
 exponas) to the bank executions, alter the case ,* that is, make it a sale under the bank executions. This is only matter of evidence, and is entirely contra dieted by
 
 the full
 
 proof to the contrary. As this case is to go back for a new trial, I imagine that it is within the power of New Hanover County Court to affix their seal to the
 
 venditioni exponas
 
 now, if it was omitted by mistake; that is, if it was intended, the
 
 venditioni exponas
 
 should be a genuine writ. I make this suggestion, that the parties may meet on equal terms at the next trial.
 

 Per Curiam. — Judgment reversed.