Daniel, J.
 

 On the
 
 first
 
 point in the cause we concur with his Honor. The
 
 fieri facias
 
 in favor of the Bank, which was the first in turn, had been levied by the sheriff on the land of Shelton in his lifetime, and, although it was not sold under that
 
 fi. fa., it
 
 still remained in
 
 custodia legis
 
 at the death of Shelton, and descended to his heirs
 
 cum onere.
 
 The
 
 'venditioni
 
 in favor of the bank, which issued from the term, to which
 
 the fi. fa.
 
 had been returned) was not to authorize a levy, but to compel a sale of the land Which had been previously levied on under
 
 the fi. fa. Bowen
 
 v
 
 McCullock,
 
 No. Ca. Term Rep. 261. That issuing the
 
 venditioni
 
 would have been the proper mode of proceeding by the bank, to have the land subjected to the satisfaction of its debt, in case Shelton had been alive, is established by several cases.
 
 Borden
 
 v
 
 McKinnie,
 
 4 Hawks 279.
 
 Seawell
 
 v
 
 Cape Fear Bank,
 
 3 Dev. 239.
 
 Tarkinton
 
 v
 
 Alexander,
 
 2 Dev. & Bat. 87. The circumstance of the death of Shelton, after his land had been thus levied on, for the satisfaction of the bank debt, does, we think, alter the case. The heir of Shelton might have a debt against his ancestors, standing in equal degree, in all its circumstances, with the bank debt. The law, in such a case, would permit him to retain the real assets, to satisfy himself first: the heir may have paid the bank debt, or paid other executions against the land, in iavor of other creditors, of a prior
 
 teste.
 
 The widow of Shelton (if he left one) was entitled to dower in the land, although it had been levied on by the sheriff
 
 *380
 
 under the
 
 ft. fa. Frost v Etheridge,
 
 1 Dev. 30; the heir might and ought to assign her
 
 the
 
 dower, by metes and bounds in the land. The reversion, it is tine, would be subject to the
 
 venditioni ;
 
 but it seems to us, the heir should have a day in court, for the purpose ot shewing all or any of these things. We know ot no adjudication in the State courts on the subject; but we take it that the
 
 venditioni
 
 was void, which issued at the instance of the bank, on the said levy, without a
 
 scire facias
 
 to the heirs. Of course the case is different with regard to personal property levied on in the lifetime of the original defendant.
 

 We think, however, the Judge erred in his charge on the second point. In a court of law, each surety is responsible to his co-surety for an aliquot proportion of the money, for which they were bound, ascertained by the number of sureties merely, without regard to the insolvency of any one or more of the co-sureties. In equity it is different.
 
 Powell v Matthis,
 
 4 Ired. 83, where all' the authorities are cited, and the difference of the rule in the two courts explained.
 

 Per Curiam. New trial awarded.