Ruffin, C. J..
 

 Upon the point reserved, the case of
 
 'Teslerman
 
 v.
 
 Poe,
 
 2 Dev. & Bat. IOS, and those referred to in it, are direct authorities against the judgment. The shiriff may rightfully convey to the assignee of the p'tlf-
 
 *324
 
 chaser, and it is not material, whether he be assignee
 
 by '
 
 contract or by law. But, in truth, that is a matter with which the debtor in the execution has no concern ; it being altogether between the sheriff, the bidder and the alleged assignee. In this case, indeed,the acquiescence by the sheriff and two of the partnership, which purchased the land, jointly with two persons purporting to claim as the children and heirs of the other partner, furnishes a presumption of the existence of those facts; since, otherwise, it would be against the interest of the supposed survivors thus to take the deed. But our opinion does not
 
 go
 
 on that ground aloné, nor, even, chiefly. It proceeds on the broader one, that the objection is not one, which the defendant has a right,, to raise. It was, therefore, erroneous to set aside the verdict, and there ought to have been judgment on it for the plaintiff, according to the agreement of the counsel. Consequently, that judgment must now be given here.
 

 It will be thus perceived, that the defendant has pre-eluded himself from taking advantage of any error, which might have been committed in ruling the other points against him. For, although, a plaintiff may, doubtless, appeal from a judgment for him, if it be, for example, for less’than he was entitled to, yet we do not see, how a defendant can bring a writ of error or appeal upon a judgment in his favor, since it is of no consequence to him upon what ground he is discharged. In cases, therefore, of verdicts, subject to the opinion of the Court, all the points on which the party means to insist, ought to be reserved. If one of the parties cannot have that done, in respect to a question, on which the presiding Judge inclines against him, he ought not to consent to such a verdict, but peremptorily claim, that an opinion shall then be given to the jury, as he has a right to do. By consenting that the judgment shall depend on this or that particular question, all others are necessarily taken to be
 
 *325
 
 given up. These observations are made to prevent aa oversight of the kind in future; for it so happens, that in the present case, the opinion of this Court concursan each point with that given against‘the defendant in the Superior Court, and. therefore, he suffers no prejudice from the manner in which the case was brought up.
 

 There is no variance between the judgment and execution ; both being in the name of the firm of “ Brooks, Colton & Co.” There is, no doubt, such error in the judgment would 'have been cause for reversing it at common law. But the statute of amendment cures it by the provision, that no judgment shall be reversed for any mistake in the name of any party or person, when, the correct name has been once rightly alleged in any of the pleadings or procéedings. Rev. Stat. ch. 3, sec. 35.—
 
 Wall Holton
 
 v.
 
 Jarrott,
 
 3 Ire.
 
 42.
 
 If the judgment could not be reversed, the execution which conforms to it, must, of course, be supported. It is said, indeed,, that there was no judgment rendered in the action of debt.— But we must hold to the contrary. First, that objection was not taken on the trial: If it had been.it would have been untenable, as we have had many cases, in which it was held, that although the judgment be not formally entered, yet, that, upon a verdict, which, connected with the pleadings, authorized a judgement, one shall be intended and the minutes be taken for the judgment, if a formal entry could be made up from them.
 
 Barnard
 
 v.
 
 Etheridge,
 
 4 Dev. 295.
 
 Gibson
 
 v.
 
 Partee, 2
 
 Dev. & Bat. 530. The Courts, being aware of the indulgence; which counsel and attornies extend to each other upon these parts of their duty, ai’e obliged to admit such intendments, in support of rights derived under judicial proceedings.
 

 The act, which requires sales to be made at the Court House on the same Monday of each month, on which the court of the county sits, expressly authorises the sheriff to postpone the sale from day to day, for any of the rea
 
 *326
 
 sons mentioned in- the act; and it has been held, that in iespect to the postponement of the sale, the act is directory, and, therefore, that the purchaser is not bound
 
 to
 
 see that the officer complied with his
 
 duty
 
 in that respect, any more than in duly advertising, or selling all the personalty before offering the land. Henee a purchaser on Tuesday or Wednesday gets a good title; and it is settled, that he does so, although his purchase be on those days of the week, on the Monday of which the writ was returnable, but was not retained.
 
 Pope
 
 v.
 
 Bradley, 3
 
 Hawks. 16.
 
 Lanier
 
 v.
 
 Stone,
 
 1st Hawks. 229, Morde
 
 cai
 
 v.
 
 Speight,
 
 3 Pev. 428.
 

 Upon the remaining point, as to the effect of the use of the word,
 
 “with,”
 
 in the conveying clause of the deed, the Court is of opinion, that it is an inaccuracy, which does not affect the sense or operation of the instrument, as upon the context, it is evident, between whom or with whom the^eontract is, and by and to whom the estate is conveyed. On the whole case, therefore, the judgment must be reversed ; and, the Court, proceeding to give such judgment as the Superior Court ought to have given, the verdict must be reinstated and judgment rendered thereon for the plaintiff, in conformity to the agreement between the parties.
 

 Pee Cukiam. Judgment reversed and judgment for the plaintiff.