## RHOADES ET UX. *v.* DELANEY.

JURISDICTION.—*Change of Venue.*—*Proceedings Must be Certified.*—In an action commenced in the common pleas court of a county against a husband and wife, where, by agreement, the venue is changed to the circuit court of the same county, and where, by such agreement, the complaint, summons, and order for the change of venue are to be certified to the circuit court, if they are not so certified, the circuit court will acquire no jurisdiction of the wife, unless she appears in said circuit court, and any judgment or decree against her, in said court, will be void.

SAME.—*Certified Record.*—One court cannot speak officially to another court otherwise than by its seal.

SAME.—*What will Constitute an Appearance.*—To constitute an appearance, there must be some act done or word spoken in court by the party charged with appearing. The record, in such action, reciting that "now come the parties by counsel, and the plaintiff withdraws" a paragraph of his complaint, and that a certain one of the defendants (said husband) filed his answer, did not show an appearance by the wife of such defendant.

PRACTICE.—*Default.*—If there is an appearance, a default should not be entered.

JURISDICTION.—*Evidence.*— *Void Judgment.*—Where the record of a cause shows that the court rendering the judgment and decree therein did not have jurisdiction of one of the parties, such record is not admissible in evidence against such party.

PUBLICATION.—*Sheriff's Sale.*—The law does not require that the last publication of an advertisement for the sale of land by a sheriff must be twenty days before the day of sale.

From the Tippecanoe Circuit Court.

*W. Morrow, N. Trusler, R. C. Gregory,* and *W. B. Gregory,* for appellants.

*Z. Baird* and *S. P. Baird,* for appellee.

PETTIT, J.—This suit was for the recovery of real estate, brought by the appellee, Charles D. Delaney, against the appellants, William N. Rhoades and Fannie O. Rhoades, his wife. The lands had belonged to the wife, and are still hers, if her title was not extinguished by a foreclosure of an alleged mortgage on and a sheriff's sale of the same.

This suit was commenced in the Jasper Circuit Court, but the venue was changed to, and the cause tried in, the Tippecanoe Circuit Court.

There were separate answers of general denial filed by the defendants.

On the trial, the plaintiff offered to read in evidence a transcript from the Jasper Circuit Court, showing a foreclosure of a mortgage on the lands in favor of the plaintiff, a sale thereof by the sheriff, the purchase of the same by the plaintiff, and that he had the sheriff's deed to the same.

To the introduction of this record as evidence, the wife objected on the ground that the Jasper Circuit Court, in which the decree was rendered, had no jurisdiction of her person.

The objection was overruled, and exception taken, and this ruling is made a cause for a new trial.

The foreclosure suit was originally commenced in the Jasper Common Pleas Court. Both defendants appeared and answered separately. There was a trial and verdict for the wife, and against the husband for the amount of the note secured by the mortgage.

This verdict was set aside, and the following agreement was made and filed in the common pleas court, and an order was entered transferring the case as agreed to the circuit court, which agreement is as follows:

" DELANEY *v.* RHOADES ET UX.

"By agreement of parties, the plaintiff has leave to amend his complaint herein, and by further agreement of parties, the venue of this action is changed to the Jasper Circuit Court, the said defendants to appear thereto without process; that said cause shall stand for trial in said circuit court the same as though it had been brought therein in the first instance, and that no orders or proceedings had in this court, except said complaint, the summons herein, and this order, shall be certified to said court, or affect said action therein. By further agreement of parties, the deposition of Flora G. Peacock, now on file in this court, but not published, shall be sent to said court, and have the same effect as though it had been taken for said court, and, subject to objections, shall be read in said court on the trial of said cause on

the part of the defendants, and that the costs made in this court shall abide the result of said action.

"October 22d, 1868.     DWIGGINS & THOMPSON,

"Attorneys for Plaintiff.

" HAMMOND & SPITLER,

"Attorneys for Defendants."

The clerk of the common pleas and of the circuit court of Jasper county was one and the same person, and he, on the agreement and order of the common pleas, docketed the case in the circuit court. The record does not show that the clerk of the common pleas certified the papers and order of change of venue to the circuit court or clerk thereof. At the next term of the circuit court, on filing an amended complaint as the agreement provided for, the defendants were ruled to answer, and this entry appears :

" C. D. Delaney *v.* W. N. and F. O. Rhoades. Come now the parties by counsel, and the plaintiff withdraws the second paragraph of the complaint herein, and comes the defendant Wm. N. Rhoades, and files his answer as follows."

The record shows that the wife was defaulted, and a decree of foreclosure rendered against her on default. Did this condition of the record give the circuit court of Jasper county jurisdiction of the person of the wife, Fannie O. Rhoades? We think it did not. The order of and the papers from the common pleas filed in the circuit court were not certified as required by law and the agreement, by virtue of which the change of venue was taken. One court cannot speak officially to another court otherwise than by its seal. *Jones* v. *Frost,* 42 Ind. 543. We do not hold that parties may not waive the certificate required, or any other provision of law which secures their rights, but in this case this was not done ; on the contrary, the agreement requires that certain papers should be certified, which was not done. The transcript of the Jasper Circuit Court in the foreclosure suit is certified to be full, true, etc., and there being in it no certificate of the papers on change of venue, the circuit court had no jurisdiction of the persons of the defendants conferred on it by the

docketing of the · case in that court. Had Mrs. Rhoades appeared in the Jasper Circuit Court, she could not object to its jurisdiction of her person, but we think the record does not show that she appeared. To constitute an appearance, there must be some act done or word spoken in court by the party charged with appearing. 1 Bouv. Law Dict. 127, 128; 1 Burrill Law Dict. 110. Mrs. Rhoades did neither. The mere entry by the clerk " that the plaintiff files his amended complaint, and the defendants are ruled to file their answer," and " come now the parties by counsel, and the plaintiff withdraws the second paragraph of his complaint herein, and comes the defendant Wm. N. Rhoades, and files his answer as follows," does not show an appearance by Mrs. Rhoades.

A default was taken against Mrs. Rhoades by calling her three times, which should not have been done if she had appeared. 1 Bouv. Law Dict. 445. Had she appeared and afterward failed or refused to answer, judgment should have been rendered against her by *nil dicit.* 2 Burrill Law Dict. 233 ; 2 Bouv. Law Dict. 227. We hold that the Jasper Circuit Court had no jurisdiction of the person of Mrs. Rhoades, and that the decree against her is void.

On the trial of the cause in the Tippecanoe Circuit Court, to recover possession of the lands, Mrs. Rhoades offered the following evidence, which was rejected, and an exception taken :

" Be it remembered, that on the trial of the above entitled cause the defendant Fannie O. Rhoades, at the proper time, whilst she was offering her testimony in chief, offered to prove by her own evidence that she never in fact executed the mortgage set forth in the transcript of the record read in evidence ; that she signed the paper at the request of her husband upon a statement to her by him that it was a matter of no consequence ; that she never knew that she had signed a mortgage until after suit had been brought in the common pleas court in that case ; that she employed counsel to defend her in the common pleas court, and instructed them to make a defence as to the merits, advising them of the facts ; that her counsel to whom she had confided her defence tried her case in the

common pleas court, as shown by the record; that after the trial, supposing that was the end of it, she never had any conference or conversation whatever with her counsel on the subject of the management of the suit; that she never knew directly or indirectly of any agreement made by her counsel to transfer her case from the common pleas to the circuit court; that the first knowledge she had of the suit after the verdict in her favor was the advertisement of the sheriff's sale of her property; and that after the trial in the common pleas court, and the next day after the verdict therein was rendered, she was informed by her counsel that the case was terminated as to her; that she never employed counsel to appear for her in the circuit court; that she did not in fact appear in the circuit court or authorize any one to appear for her; that the first knowledge she had that any proceedings had been had in the circuit court was seeing the advertisement of the sheriff's sale of this property; that had she known of the proceedings in the circuit court, she would have employed counsel to make her defence, which she regarded as meritorious."

Was this evidence properly rejected? We think it was, but whether or not rightly rejected is of no importance, as we hold that the Jasper Circuit Court had no jurisdiction of the person of Mrs. Rhoades, and that, therefore, the decree of foreclosure against her is void.

The appellant, Mrs. Rhoades, asked an instruction, the substance of which was, that the last publication of an advertisement for the sale of land must be twenty days before the day of sale. This instruction was properly refused. The law contemplates no such thing, nor would it be for the interest of the party whose lands are to be sold, that twenty days should elapse between the last publication and the day of sale, in which time all readers of newspapers would be likely to forget the day and place of the sale.

The judgment is reversed, at the costs of the appellee, with instructions to grant a new trial.