No. 14,469.

## Voss *v.* Lewis.

PRINCIPAL AND SURETY.—*Contribution.*—*Action to Enforce.*— *Impeachment of Judgment in Former Action.* — *Pleading.*— *Demurrer.*—A surety on a promissory note, who had paid a judgment thereon, recovered against all the parties, sued a co-surety for contribution. The complaint, among other things, alleged matters concerning the liability of the parties to each other. It was demurred to on the ground that it undertook to impeach the judgment in the action on the note.

*Held,* that the demurrer was properly overruled, as it did not appear upon the face of the complaint that the relation which the defendants in that judgment stood to each other was settled in that action.

SAME.—*Parties.*—*Non-Resident Co-Surety.*—*Liability of Co-Sureties to Each Other.*—A co-surety who is a non-resident is not a necessary party defendant to an action for contribution. The liability of co-sureties to each other is not joint, but several.

SAME.—*Evidence.*—*Signing Firm Name by Mistake.*— *What Surety May Show.* —Where, through force of habit, the surety signed to a note the name of the firm of which he was a member, instead of his individual name, it was competent for him, in an action for contribution, to prove that he signed the note intending to bind himself alone, and that the firm was not bound by such signing. The other members of the firm were not necessary parties, as the amount to be contributed by the co-surety was the same whether the firm or the individual member was liable.

SAME.—*Cross-Bill.*—*Failure to Issue Process Upon.*—*Effect of.*—In an action on a note against the principals and sureties, one of the defendants, by an attorney representing all the defendants, filed a cross-bill against the plaintiffs, and against his co-defendants, alleging that he was surety for all his co-defendants. No process was ever issued on the cross-bill, nor did the attorney filing it appear for the defendants thereto.

*Held,* that the attempted adjudication of the question of suretyship upon the cross-bill having been made without the issuing and service of process thereon, and without the appearance of the defendants named therein, was void; and that, therefore, another defendant, who had paid the judgment, was not estopped by the record from proving in an action for contribution against the defendant filing the cross-bill the relations sustained by him and such defendant to the note. *Lewis* v. *Bortsfield,* 75 Ind. 390, distinguished.

From the Benton Circuit Court.

*J. W. Cole,* for appellant.

*U. Z. Wiley,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant for contribution. The complaint consists of two paragraphs. The first alleges that at a date named the appellee became a co-surety with the appellant on a promissory note, described, payable to Gaar, Scott & Co., upon which note John W. Cole and George W. Johnson were principals; that said principals failed to pay said note and that the same was reduced to judgment against all the parties thereto, in the Benton Circuit Court, on the 8th day of February, 1887; that one Mallory, who was also a surety on said note, was a non-resident of the State of Indiana; that upon execution issued on said judgment, the appellee was compelled to and did pay the whole of said judgment, amounting to the sum of $546.30.

The second paragraph is the same as the first, with the additional allegations that during the year 1885, and for two years thereafter, the appellee was engaged in buying, selling and shipping grain, in the town of Ambia, in Benton county, Indiana, and that one Isaac W. Lewis was his partner, the firm name being T. J. Lewis & Co.; that in addition to said business, appellee was engaged in the sale of agricultural implements and machinery; that in the month of July, 1885, he sold to John W. Cole and George W. Johnson one Gaar, Scott & Co. engine for the sum of $1,500; that said Cole and Johnson executed their notes for said machine, with the appellant, Voss, and one Mallory as sureties thereon; that said Gaar, Scott & Co. refused to accept said notes unless appellee would also sign the same as surety; that for the purpose of accomplishing said sale he did sign said notes as surety; that from force of habit, in signing the firm name of T. J. Lewis & Co., when he signed said notes he signed the same "T. J. Lewis & Co.," instead of signing his individual name, but that in fact the said Isaac W. Lewis was not a surety on said note.

The court overruled a demurrer to each paragraph of this

complaint, whereupon the appellant filed an answer in two paragraphs.

The first paragraph is a general denial, and the second paragraph avers that in the action of Gaar, Scott & Co. against the appellant and the appellee, and the other parties defendant in said action, the appellant filed his cross-bill, alleging that he was surety for all said defendants, to which they waived the issuing and service of process; that, on the trial of said cause it was found and adjudged by the Benton Circuit Court that the appellant was surety for the appellee, and the other parties defendants to said judgment.

The appellee replied to the second paragraph of this answer by a general denial.

A trial by the court resulted in a finding and judgment for the appellee, from which this appeal is prosecuted.

The assignment of error calls in question the sufficiency of each paragraph of the complaint, and, also, the propriety of the ruling of the court in overruling the motion for a new trial.

Two objections are urged to the complaint:

*First.* That it undertakes to impeach the judgment rendered in favor of Gaar, Scott & Co. against the appellant and the appellee, and the other parties thereto; and,

*Second.* That there is a defect of parties defendant, in that Isaac W. Lewis and Charles Mallory should have been made parties defendant.

We do not think the complaint seeks to impeach the Gaar, Scott & Co. judgment. It does not appear upon the face of the complaint that the relation which the defendants in that judgment stood to each other was settled in that action.

If such relation was not litigated and settled, by proper issues tendered for that purpose, it still remained for settlement; and it was not an impeachment of the judgment to allege and settle in this action the question of suretyship, or any other question affecting the liability of the parties to each other.

Nor do we think it was necessary that Mallory and Isaac W. Lewis should have been made parties defendant. It is shown by the complaint that Mallory was a non-resident of the State, and if he had been made a party the presumption is that he could not have been served with process, as he was not within the jurisdiction of the court. Furthermore, the liability of co-sureties to each other is not joint, but several.

Had Mallory been before the court no joint judgment could have been rendered against him and the appellant, but the judgment would have been a several judgment against each.

It was immaterial to the appellant whether the appellee, alone, was his co-surety, or whether it was the firm of T. J. Lewis & Co. The fact that T. J. Lewis & Co. was his co-surety, if such was the fact, did not lessen his liability.

The amount to be contributed by the appellant was the same whether the appellee alone was liable on the Gaar, Scott & Co. note, or whether the firm of T. J. Lewis & Co. was liable. But we think it was competent for the appellee to aver and prove that he signed the note " T. J. Lewis & Co.," intending thereby to bind himself alone, and that the firm of T. J. Lewis & Co. was not bound by such signing. The firm of T. J. Lewis & Co. paid no part of the Gaar, Scott & Co. judgment, and if it was never liable thereon it had no interest in the question of contribution between those who were liable.

In our opinion the court did not err in overruling the demurrer to the complaint.

No question is made in the case as to the actual fact that the appellant and the appellee were both sureties on the note executed to Gaar, Scott & Co. The question, therefore, as to whether the finding and judgment of the court are sustained by the evidence must, of necessity, depend largely upon the record made in the case of Gaar, Scott & Co. against the parties to this suit, resulting in the judgment paid by the appellee. It appears by that record that on the 4th day of

February, 1886, the appellant filed a cross-bill against the plaintiffs in that case, and against his co-defendants, in which he alleged that he was surety for all his co-defendants. On the same day all the defendants in that action filed a joint answer to the complaint, consisting of three paragraphs. At the same time a rule was entered against the plaintiff to reply to said answer on the 5th day of February, and against the other defendants to answer said cross-bill on the 7th day of the same month. No further entries were made in relation to the cross-bill until the final hearing of the cause, when a finding and decree were entered declaring the appellant surety for his co-defendants. The cross-bill seems to have been filed by the attorney who represented all the defendants.

The question as to whether the co-defendants of the appellant entered an appearance to this cross-bill must be tried and determined by the record in the cause in which it was filed. *McCormack* v. *First Nat'l Bank, etc.*, 53 Ind. 466; *Rhoades* v. *Delaney*, 50 Ind. 468.

It does not appear by the record before us that the appellee in this case ever appeared to the cross-bill in the case of Gaar, Scott & Co. against him and the appellant.

As we understand the brief of counsel for the appellant, it is not claimed that any process was ever issued upon the cross-bill, but the contention is that as the parties thereto were in court, appearing and answering in the original case, they were bound to take notice of the filing of the cross-bill. In support of his contention the appellant relies upon the case of *Lewis* v. *Bortsfield*, 75 Ind. 390.

That was a partition suit, brought by Bortsfield, in which he alleged in his petition that he and Susannah Goings were each the owners of the undivided one-seventh part of the land described therein, and that Lewis was the owner of the undivided five-sevenths thereof. Susannah Goings filed a cross-bill, in which she alleged that she was the owner of an undivided one-seventh of the land, and prayed that her in-

terest be set off to her in severalty.   On appeal to this court it was objected by Lewis that he did not appear to said cross-bill, and that no process was issued thereon.   It was held that as he had fully appeared to the action he was bound to take notice of the filing of the cross-bill, and his objections were overruled.   The object to be attained in a partition suit is to ascertain the interest of the respective owners of the land, and make a division according to such interest.   When, there-fore, the parties interested are brought before the court, they must take notice of all steps taken in the cause which have for their object the attainment of the end sought by the pe-tition.   The cross-bill of Susannah Goings introduced no new element into the cause in which it was filed.   Its allegations in relation to her interest were a mere repetition of the alle-gations contained in the original petition, and the only thing sought to be accomplished thereby was a partition to herself of her interest in the land without the expense attending an-other partition suit.   For these reasons it was properly held that all the parties to the suit were bound to take notice of the filing of her application, to have set off to her, in that suit, the interest which it was alleged in the petition belonged to her.

A case like this is readily distinguishable from a case like the one at bar, where an entirely new element is introduced, having no reference to the controversy growing out of the matters alleged in the complaint.   The general rule is that in a cross-bill such as the one now before us, the defendants thereto must be brought into court by process, unless they voluntarily appear.   *Fletcher* v. *Holmes*, 25 Ind. 458 ; *Joyce* v. *Whitney*, 57 Ind. 550 ; *Anderson* v. *Wilson*, 100 Ind. 402 ; *Swift* v. *Brumfield*, 76 Ind. 472 ; *Baldwin* v. *Webster*, 68 Ind. 133 ; *Jenkins* v. *Newman*, 122 Ind. 99.

As to whether the general rule is stated too strongly in the case of *Lewis* v. *Bortsfield*, *supra*, we need not stop to inquire in this case, for the reason that here the cross-bill was filed by the attorney representing all the defendants.

As he could not represent both parties to the cross-bill, as to that pleading, it must be held that the defendants thereto were not represented in court. As to whether the judgment would have been void or merely voidable, had the attorney filing the cross-bill appeared for the defendants thereto we need not decide, as it is not pretended that he represented them as to the matters therein involved. The attorney, with the information then in his possession, no doubt supposed he was acting in a matter about which there was no controversy; but however this may be, it would seem clear that he did not so act as to bind the defendants to such cross-bill. In the case of Gaar, Scott & Co. against the parties to this suit, the attempted adjudication of the question of suretyship, upon the cross-bill of the appellant, having been made without the issuing and service of process thereon, and without the appearance of the defendants named therein, is void. Such being the case the record did not estop the appellee from proving, in this case, the relations sustained by him and the appellant to the note executed by them to Gaar, Scott & Co. The finding and judgment of the circuit court are sustained by the evidence.

There is no error in the record.

Judgment affirmed.

