## No. 1,224.

## NEWTON, ADMINISTRATOR, *v.* PENCE.

PRINCIPAL AND SURETY.—*Question of Suretyship.*—*How Tried.*—*Pleading.*—In an action upon a promissory note, a question of suretyship can be tried only by the filing of a cross-complaint and the formation of issues thereon. If a pleading amounting to a cross-complaint is filed, it is sufficient, although denominated an answer.

SAME.—*Appearance.*—*Process.*—*Void Judgment.*—Where, in an action against several persons upon a promissory note, one of the defendants files a pleading alleging that he is surety, and that all the other defendants are principals, a judgment to such effect is void as to a defendant who is a co-surety, if the latter neither appeared to nor was served with process under such pleading.

SAME.—*What is Not an Appearance.*—*Default.*—Where the record shows no official act in behalf of a defendant, such as the making or arguing of a motion or the filing of a paper, but does show that the defendant was defaulted by the plaintiff, it will be taken as conclusive that there was no appearance by such defendant, either to the complaint or to the cross-complaint of another defendant alleging suretyship.

SAME.—*Contribution.*—*Insolvent Surety.*—Where one of several sureties has paid the whole debt, he may, in a suit for contribution against another solvent surety, recover one-half the amount paid upon a showing that the other sureties are insolvent.

JUDGMENT.—*Agreement as to.*—*Finding.*—A party before the court may bindingly agree to the form of a judgment, but a mere finding of evidentiary facts bearing upon the question of such an agreement is not, in the absence of a finding of the ultimate fact that there was such an agreement, sufficient to show that the party is concluded.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf*, for appellant.

*H. Brownlee* and *H. J. Paulus*, for appellee.

REINHARD, J.—Pence sued Newton and recovered judgment for contribution. In his complaint he alleged that one William H. Irvine recovered a judgment against him, Pence, and also against Jacob C. Grindle and the appellant, and another judgment against the same par-

ties and one Eugene A. Grindle, for the amount due on certain notes executed to said Irvine by the parties named; that Jacob C. Grindle was the principal and the other persons named were the sureties on said notes; that Jacob C. Grindle, the principal, and Eugene A. Grindle, one of the said sureties, are, and ever since the execution of said notes have been, wholly insolvent; that Pence was compelled to pay and did pay both of said judgments, together with costs and interest thereon, wherefore he prayed judgment against Newton for one-half the amount so paid by him, and interest thereon. Newton answered the general denial and former adjudication as to the question of suretyship, to which latter answer the appellee replied the general denial. At this point the death of Newton was suggested, and Sylvester Newton, his administrator, was substituted, on his own application, as a party defendant, and he filed an additional paragraph of answer, which is not important in the determination of the questions presented. The cause having been placed at issue by the appellee's reply to the answer of the administrator, a trial was had before the court and a special finding rendered, upon which the court made its conclusions of law, holding the appellant liable, to which he excepted; and upon the appellee's motion judgment was rendered on the special finding, in favor of appellee for one-half the amount so paid by him on said judgments.

The sole question presented to us by the record is that of the correctness of the conclusions of law upon the special findings of fact.

It is not claimed by the appellant that Pence was not a co-surety with Newton on said notes, but it is insisted that the question of suretyship was legally determined in the actions brought by Irvine and by the judgments

of the court in those actions. It is, therefore, agreed by the parties that if the judgments referred to were valid and binding as to the question of suretyship, the conclusions of the trial court in the present action can not stand; while if said judgments were void, the appellee would be entitled to recover, although the correct amount of the finding in his favor is also in dispute.

It appears from the special finding, that in each of said actions on the notes the court rendered judgment that Azur Newton is surety on said notes for the other defendants, and that he is liable only as such surety. The only pleadings by which any issue upon the questions of suretyship was made were the separate answer in two paragraphs of said Newton and the reply of confession by the plaintiff. In his second paragraph of answer, Newton averred that if he signed the notes sued upon he signed them as surety, and in no other capacity, and that the other defendants were principals on said notes. The first paragraph of Newton's answer, in each case, was a general denial. No summons was issued against Newton's co-defendants, or either of them, in either of said actions, except the summons issued and served upon the original complaint.

The statute provides that "when any action is brought against two or more defendants, upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff." R. S. 1894, section 1226 (R. S. 1881, section 1212).

It has been held by the Supreme Court that the question of suretyship can be tried only by the filing of a

cross-complaint by the surety, and the formation of issues thereon. *Voss* v. *Lewis*, 126 Ind. 155; *Knopf* v. *Morel*, 111 Ind. 570; *Dodge* v. *Dunham*, 41 Ind. 186.

The fact, however, that a pleading is denominated an "answer" in such a case, when it really amounts to a cross-complaint, can make no difference. *Browning* v. *Merritt*, 61 Ind. 425.

But whatever the pleading is called, unless the defendants appear to it, they must be served with process. *Voss* v. *Lewis, supra; Baldwin* v. *Webster*, 68 Ind. 133; *Joyce* v. *Whitney*, 57 Ind. 550.

From the foregoing general principles it follows, we think, that as the appellee was not served with process on the cross-complaint (granting that Newton's second paragraph of answer amounted to this), unless there was an appearance by him, the judgment, as to the question of suretyship, was void as against him. To determine whether or not there was an appearance, recourse must, therefore, be had once more to the record, as set out in the special findings of the court. The court finds that in cause No. 4919, the first of said actions on said notes, summons was issued (upon the plaintiff's complaint), but was not personally served on Pence and Newton, but service was acknowledged "by Brownlee and Paulus, as attorneys for defendants Pence and Newton, as shown in the return of the sheriff, but not indorsed on the summons nor signed by said Brownlee and Paulus, nor was service acknowledged by defendant, Pence, by indorsement on the summons."

The judgment rendered by the court in said cause, No. 4919, was as follows, omitting the title: "Comes now the plaintiff, by Harvey and DeWolf, his attorneys, and the defendants, by Brownlee & Paulus and Henry & Elliott, their attorneys, and the defendant, Newton, now files his separate answer to plaintiff's complaint in these

words, to wit: (*h. i.*), and thereupon a rule is taken against said plaintiff for a reply, to which answer the plaintiff confesses, and thereupon, by motion, said defendants are each three times called and defaulted, and this cause is now for trial submitted to the court, upon the plaintiff's complaint, said answer and said defaults; and thereupon the court finds in favor of said plaintiff, and that his cause of action herein filed is based upon three promissory notes executed by said defendants and made payable to said plaintiff; and upon due proof and computation the court finds there is due thereon from said defendants to the plaintiff the sum of $1,134.29, of which $103 are attorneys' fees, and that the same are collectible without relief from valuation or appraisement laws.

The court further finds that said defendant Azur Newton is only surety for his codefendants, upon the notes herein sued upon. It is therefore ordered, adjudged, and decreed by the court that said plaintiff shall recover of and from said defendants the said sum of $1,134.29, together with his costs herein, taxed at $———, all without relief from valuation or appraisement laws of the State of Indiana, and that execution herein be first levied upon the property of the defendants Grindle, Grindle, and Pence, and that the same be exhausted before levying upon the property of said Azur Newton.''

The special finding in respect of cause No. 4920, which was the second action, in which judgment was rendered in favor of said Irvine and against said Pence and other defendants, shows the issuing of summons, acknowledgment of service and return, precisely as in cause No. 4919, and the form of the judgment is in all respects, save as to amounts and number of notes, the same also.

The question arises: Does this record show an appearance by Pence either to the original action or to the

cross-complaint? It will be observed that Pence did not, either in person or by attorney, file any pleading or paper of any kind in the case, so far as the record shows. If he can be held to have appeared, therefore, it must be by force of the language: "Comes now the plaintiff, by Harvey and De Wolf, his attorneys, *and the defendants, by Brownlee and Paulus, and Henry and Elliott, their attorneys.*"

As we have seen, the record also shows that the several defendants were defaulted.

To constitute an appearance, there must be of record some formal entry, or plea, or motion, or official act. *Shirley* v. *Hagar*, 3 Blackf. 225; *Scott* v. *Hull*, 14 Ind. 136; *Rhoades* v. *Delaney*, 50 Ind. 468.

"It is in general true that any act done in a case not accompanied by an express qualification or restriction limiting the appearance to what is called by some of the courts a 'special appearance' and by others a 'qualified appearance,' is regarded as a general appearance. Thus, the filing of a demurrer assigning any other ground than one assailing the jurisdiction is such an appearance as waives purely preliminary motions or objections. Appearing to a motion and arguing the merits is a general appearance. If a party joins with objections to the jurisdiction, objections or defenses going to the merits, there is, as a general rule, full appearance." Elliott's App. Proced., section 677.

But unless there is some official act, such as the arguing or making of a motion, or the filing of some paper, there is no appearance. It can not be said to constitute an appearance for the record to recite merely that "now come the defendants."

In the present case, there were several defendants, and only one of them, Newton, is shown to have appeared. The others were defaulted, and this must be taken as

conclusive that there was no appearance by them. There is of record no such appearance as would be binding upon the appellee without the service of process.

The appellant's learned counsel contend, however, that the judgments of suretyship in the original actions are shown to have been rendered by the agreement of Pence, and that he is, therefore, concluded by them.

The court finds that when and before the judgments were rendered, Newton's attorney informed Brownlee, one of Pence's attorneys, that Newton had answered in said cases that he was surety, and that Pence and Grindle were principals upon the notes in suit, and that if there was any contention on that fact, they desired to make an issue on it and have it tried, and that said Brownlee replied that he thought they had no contention to make, and that said Newton's attorney then said that if that was the case, judgment might be entered by showing that Pence and Grindle were principals and Newton was surety, if they were willing to have that entered in that way; and that the attorneys for plaintiff, Irvine, in said cases, remarked they were willing to have the entry made in that way, and said Brownlee reported that they had no contention to make on that point, and that the defendants were then called and defaults taken by the attorney for plaintiff in said causes, and the judgments rendered as set in the findings.

It is doubtless true that parties before the court may agree to the form of a judgment, and that they are bound by such agreement. *Indianapolis, etc., R. W. Co.* v. *Sands,* 133 Ind. 433; *Fletcher* v. *Holmes,* 25 Ind. 458. But the fact that there was an appearance can only be shown by the record, and not by mere evidence of an agreement to appear. *Voss* v. *Lewis, supra; Robinson* v. *Board, etc.,* 37 Ind. 333; *Scott* v. *Hull, supra.* The record

in the present case shows neither an appearance nor an agreement to the judgment. The court does not even find that Pence agreed to appear, or that he agreed to the judgment. That his attorney said "he thought he had no contention to make," and that he reported such statement, and that Newton's attorney said "that judgment might be entered by showing that fact," the fact "that Pence and Grindle were principals, and Newton was surety," may be evidence of such an agreement as is here claimed to have been made, but it is far from the finding of the ultimate fact that there was such an agreement or that there was an agreement even to the form or contents of the judgment.

There is in the case at bar not a single statement of record that Pence ever appeared to Newton's cross-complaint, if the second paragraph of Newton's answer may be treated as such. But it is firmly settled by the ruling of the Supreme Court in *Voss* v. *Lewis, supra,* that an appearance and answer by a surety to the original action is not sufficient to bind him as to any judgment upon the question of suretyship. There must be an issue of suretyship tendered by one of the defendants against the other or others, and to such issue the defendant sought to be affected by the determination must either appear or be served with process, before he can be concluded by the finding and judgment upon such issue, and this can only be shown by the judgment record.

The record fails to show a former adjudication of the question of suretyship that is binding upon the appellee.

It is finally insisted that the court erred in awarding judgment against the appellant for one-half the amount paid by him. It is contended that Pence could at most recover but an aliquot part calculated upon the whole number of sureties, without reference to the insolvency

of any of them. We understand the rule to be otherwise in equity. *Michael* v. *Allbright*, 126 Ind. 172; Brandt Suretyship, section 256.

Judgment affirmed.

Filed Oct. 16, 1894.