FISCHER v. GAITHER.

[51 Pac. 733.]

1. CONTRIBUTION BETWEEN SURETIES*—LAW ACTION.— One surety, having paid a common obligation, cannot sue at law to compel a co-surety to pay more than his aliquot part of the original undertaking on account of the insolvency of another party to such undertaking, his remedy being in equity: *Van Winkle* v. *Johnson*, 11 Or. 469, and *Durbin* v. *Kuney*, 19 Or. 71, cited.

2. IDEM — EQUITY — INSOLVENCY OF PRINCIPAL*— A surety suing his co-

*NOTE.— This case is re-reported in 46 Central Law Journal, 155, with a note giving some recent decisions on contribution between sureties. See the case of 32 Or.—11.

sureties in equity for contribution must allege and prove the insolvency of the common principal.

From Lincoln: J. C. FULLERTON, Judge.

Action at law by H. F. Fischer against several persons to compel contribution. A demurrer to the complaint was sustained, and this appeal ensued.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. S. McFadden.*

For respondent there was a brief and an oral argument by *Mr. Walter S. Hufford.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This cause was instituted by H. F. Fischer against Beal Gaither, T. H. Horning, B. F. Jones, J. J. Gaither, Alfred Stanton, Peter McDougal, and William J. Wade, to compel contribution by solvent cosureties. The plaintiff alleges, in substance, that on February 17, 1891, Beal Gaither, as principal, and the other defendants and himself, as sureties, executed to one I. R. Dawson their joint and several promissory note for $5,681.50, payable in one year from that date, with interest thereon after maturity at the rate of 10 per cent. per annum; that on February 19, 1892, he was compelled to and did pay to the owner and holder of said note the amount due thereon; that he was reimbursed on account of such

*Gross* v. *Davis,* 10 Am. St. Rep. 639, for a monographic note on "Right of One Surety to Enforce Contribution from Another, and the Remedies for its Enforcement." There is also a footnote entitled "Contribution Between Co-sureties," with the case of *Bushnell* v. *Bushnell,* 9 L. R. A. 411.— REPORTER.

outlay in the sum of $4,897.70 only, which was paid by Beal Gaither; that Jones, J. J. Gaither, and McDougal are insolvent, so he is informed and believes, and prays judgment against Beal Gaither for the sum of $1,374.40, and interest at 8 per cent. per annum from May 2, 1893, and also a judgment against Horning, Stanton, and Wade, each, for one-fourth of said sum and interest. The plaintiff, after issuing a summons herein, caused certain real property of the defendants to be attached as security for the satisfaction of any judgment that he might obtain. A demurrer to the complaint for the reasons that several causes of action were improperly united, and that the complaint did not state facts sufficient to constitute a cause of action, having been sustained, the cause was dismissed, and plaintiff appeals.

The action of the court of which plaintiff complains was doubtless predicated upon the assumption that equity alone could afford the relief demanded, and that as plaintiff sought to recover from the solvent co-sureties, in an action at law, more than an aliquot part of the liability originally assumed, he invoked the aid of the wrong forum; and that, even if the cause so instituted was treated as in equity, the complaint did not state facts sufficient to entitle plaintiff to the relief demanded, and hence the dismissal of the cause. The important question, therefore, which the appeal presents for consideration, is whether the cause so instituted is an action at law or a suit in equity.

1. The right of a surety who has been compelled

to pay the debt or discharge the obligation of his principal to enforce contribution from his co-sureties, is based upon the theory that all the parties to the original undertaking are *equali jure*, and, under the maxim that "equality is equity," each must bear the burden equally: *Van Winkle* v. *Johnson*, 11 Or. 469 (5 Pac. 922, 50 Am. Rep. 495); *Wells* v. *Miller*, 66 N. Y. 255; *Strong* v. *Mitchell*, 19 Vt. 644. In *Durbin* v. *Kuney*, 19 Or. 71 (23 Pac. 662), LORD, J., in speaking of the right of contribution, and the courts competent to enforce it, says: "It rests upon the broad principle of justice, that when one has discharged a debt or obligation which was a common charge for the benefit of all, he has a right to call upon his co-debtors for contribution. Originally it was enforceable only in courts of equity, but in later days courts of law have assumed jurisdiction, on the ground of an implied promise on the part of each joint debtor or surety to contribute his share to make up the loss." This rule is founded upon the assumption that each surety, by becoming a party to the original contract, impliedly promises his co-sureties that he will bear an equal part of the burden imposed, or pay an equal portion of the loss entailed, if the principal fail to keep his engagement: *Powers* v. *Nash*, 37 Me. 322; *Hichborn* v. *Fletcher*, 66 Me. 210 (22 Am. Rep. 562); *Bachelder* v. *Fiske*, 17 Mass. 464; *Mason* v. *Lord*, 20 Pick. 447; *Baggott* v. *Mullen*, 32 Ind. 332; *Bradley* v. *Burwell*, 3 Denio, 61; *Johnson* v. *Harvey*, 84 N. Y. 363 (38 Am. Rep. 515); *Camp* v. *Bostwick*, 20 Ohio St. 338 (5 Am. Rep. 669).

"Courts of law," says JOHNSON, J., in *Oldham* v. *Broom*, 28 Ohio St. 41, "took jurisdiction of actions for contribution on the ground that, as equity and good conscience demanded that, as among cosureties, there should be equality of burdens, there was an implied assumpsit, which would support an action at law."

When one surety has been compelled to pay more than his share of the common obligation imposed upon all by the default of their principal, he may maintain separate actions at law against each co-surety for the recovery of the aliquot part which each impliedly promised to pay the other at the time they became parties to the original undertaking: 1 Brandt on Guaranty and Suretyship, § 291; Baylies' Sureties and Guarantor, 447; *Powell* v. *Matthis*, 26 N. C. 83 (40 Am. Dec. 427); *Morrison* v. *Poyntz*, 7 Dana, 307 (32 Am. Dec. 92). In *Van Petten* v. *Richardson*, 68 Mo. 379, SHERWOOD, C. J., in discussing this principle, says: "Courts of law, however, although they borrowed their jurisdiction in regard to contribution from courts of equity, and enforced their newly-acquired jurisdiction in accordance with common-law forms of action, still felt themselves so hampered in the exercise of their newly-found powers that they refused to allow a surety who paid a debt to recover from his co-surety more than his aliquot or proportional part of the payment thus made; and this was the sole measure of recovery, notwithstanding the insolvency of one or more of the sureties." Mr. Justice FIELD, in *Chipman* v. *Morrill*, 20 Cal. 130, further elucidat-

ing this doctrine, says: "This jurisdiction of the common-law courts did not, however, impair the concurrent jurisdiction of equity. Indeed, in many cases, especially where the sureties were numerous, and some of them insolvent, or where some of the sureties had died, courts of equity were alone adeequate to afford complete remedy." The rule is well settled that if, by reason of the death or insolvency of a party to the original undertaking, a surety seeks to recover from a co-surety more than his aliquot part, he should pursue his remedy in a court of equity, which, by having all the parties before it, will decree a ratable contribution: 1 Story's Equity Jurisprudence, § 496; *Wayland* v. *Tucker*, 4 Gratt. 267 (50 Am. Dec. 76); *Dodd* v. *Winn*, 27 Mo. 501; *Samuel* v. *Zachery*, 26 N. C. 377; *Newton* v. *Pence,* 10 Ind. App. 672 (38 N. E. 484). Mr. Justice MILLER, in *Easterly* v. *Barber*, 66 N. Y. 433, in discussing this question, says: "There seems to be a propriety in the rule that where sureties are called upon to contribute, and some of them are insolvent, that all the parties should be brought into court, and a decree made upon equitable principles in reference to the alleged insolvency. There should be a remedy decreed against the insolvent parties, which may be enforced if they become afterwards able to pay, and this can only be done in a court of equity; and when they are parties to the action."

2. Plaintiff having procured the attachment of certain real property of the defendants shows that he regarded the case at bar as an action at law, for an attachment is a special auxiliary remedy created

by statute, and belongs exclusively to a court of
law:   Drake on Attachment (6th Ed.), § 4*a*.   He
contends, however, that, if any error was committed
in resorting to the auxiliary remedy, the mistake
should have been corrected by dissolving the at-
tachment; that while a distinction is maintained be-
tween actions at law and suits in equity, under our
practice, the same judge presides over each tribunal;
that his complaint shows he was entitled to some
relief; and that, such being the case, the court erred
in dismissing the cause.   Assuming that the point
contended for is true, and that the proceeding is in
equity, does the complaint state facts sufficient to
entitle plaintiff to a contribution from his co-sure-
ties, he having failed to allege that Beal Gaither,
the principal, is insolvent?   In *Dering* v. *Earl of
Winchelsea*, 1 Cox's Chancery, 318; 1 White & Tu-
dor's Leading Cases in Equity, *100, decided in the
court of exchequer in 1787, it was held that the
plaintiff, in a suit to enforce contribution between
co-sureties, must allege the insolvency of the prin-
cipal.   Lord Chief Baron Eyre, in rendering the de-
cision, says:   "The objection in point of form which
I before mentioned is that the bill cannot be sus-
tained, inasmuch as it has not charged the insol-
vency of the principal debtor, and that such a
charge is absolutely necessary."   In *Allen* v. *Wood*,
38 N. C. 386, decided in 1844, the same conclusion
is reached; and NASH, J., in assigning a reason
therefor, says:   "The equity of a plaintiff lies in
the insolvency of the principal where he is seeking
contribution from a co-surety.   *   *   *   And the

reason is obvious: The co-surety is bound to answer only in the place of his principal, and if he is able, it is the duty of the surety who has paid the debt to look to him. If he is not able, he then, and only then, has a right to seek his redress, from his co-surety."

In an action at law, however, while there is a conflict of authority upon the subject, the weight seems to be that the insolvency of the principal debtor need not be averred or proved: 1 Brandt on Suretyship, § 290. The reason for this distinction, doubtless, is that in an action at law by a surety against a co-surety for contribution the right is founded upon the implied promise of each surety to pay an aliquot share of the common debt in case of the principal's default; and as the action against each is separate, and depends upon an enforcement of the strict letter of the implied assumpsit, the default, and not the insolvency, of the principal, is the ingredient that renders the remedy effectual. The agreement of each surety with the creditor is that he will pay the debt common to all, if the principal fail to keep his engagement, while the implied agreement of each surety with his co-surety is that he will pay an aliquot part thereof, upon the same conditions; and as each surety, in consequence of the principal's breach, might be compelled by the creditor to bear the whole burden, equity apportions the same equally among the solvent co-sureties, thereby compelling them to pay in excess of their implied agreement. At law, each surety who has been compelled to

contribute an aliquot part may maintain a separate action against the principal for reimbursement; but equity, to prevent a multiplicity of suits and avoid a circuity of remedies, will compel the surety who has paid the common debt to recover the same from the principal, if he is solvent, on the theory that as the co-surety, in equity, may be compelled to contribute in excess of his implied agreement, so in that forum he should not be compelled to respond at all if the principal is solvent; and hence the necessity of alleging the insolvency of the principal, as a condition precedent to the right of contribution in equity. But, whatever the reason may have been that prompted the distinction, the decisions are not lacking in number, or wanting in respectability, which support the doctrine that it is incumbent upon the plaintiff in a suit in equity to allege the insolvency of the principal as a condition precedent to the enforcement of contribution by co-sureties: 3 Pomeroy's Equity Jurisprudence, § 1418, and cases cited; 1 Brandt on Guaranty and Suretyship, § 290, and cases cited; *Gross* v. *Davis*, 87 Tenn. 226 (10 Am. St. Rep. 635, and notes, 11 S. W. 92); *Morrison* v. *Poyntz*, 7 Dana 307 (32 Am. Dec. 92), and notes. Plaintiff having failed to comply with this requirement, it follows that the judgment is affirmed.

AFFIRMED.

WOLVERTON, J., having been of counsel in the court below, took no part in the consideration of this cause on appeal.