J. T. JEFFREYS v. B. A. HOCUTT AND LUCILE HOCUTT, HIS WIFE, AND J. D. JEFFREYS AND NANCY JEFFREYS, HIS WIFE.

(Filed 9 March, 1927.)

**Execution—Judgments—Liens—Levy—Sheriffs—Deeds and Conveyances —Return Day—Void Deeds.**

A judgment is a lien upon lands of the defendant, and upon issuance of an execution the sheriff has such an interest as clothes him with the power to sell only until the date of its return to the court; and a sale

made thereafter is void, and the sheriff's deed conveys no title to this grantee. C. S., 614, 672. The distinction pointed out as to execution sales of personal property where the sheriff takes and delivers possession under *fieri facias* and *venditioni exponas*.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1926, of JOHNSTON. Affirmed.

Civil action to recover the possession of land, etc. At the September Term, 1921, of the Superior Court of Johnston County, Bryant Ray-born recovered a judgment against the plaintiff, who at that time owned a life estate in the land in controversy. The judgment was duly docketed, and execution was issued on 14 December, 1921, returnable to the February Term, 1922, of the Superior Court of Johnston. After due advertisement the land was sold under this execution by the sheriff on Monday, 13 March, 1922, which was the first day of the regular March term. By virtue of this sale the sheriff executed and delivered to the defendant, J. D. Jeffreys, as purchaser, a deed purporting to convey title to the land, and the defendant Hocutt in good faith purchased from Jeffreys.

The February Term, 1922, scheduled for two weeks, began on 20 February and extended through Saturday, 4 March. The regular March Term began on 13 March. The sheriff's deed is dated 25 March, 1922.

The case was heard upon an agreed statement of facts, and it was adjudged that the plaintiff is the owner and entitled to the possession of the land, that the sheriff's deed be canceled, and that the cause be retained for the purpose of determining the value of the rents and profits. The defendants excepted and appealed.

*Parker & Martin for plaintiff.*
*Leon G. Stevens and Winfield H. Lyon for defendants.*

ADAMS, J. The execution issued on 14 December, 1921, was returnable to the February Term, 1922. This term began on Monday, 20 February, and ended on Saturday, 4 March. The sale was made on the first day of the next term, which was 13 March, the plaintiff laying no claim to a homestead exemption. Whether the sale was valid is the sole question for decision.

At common law the king had a right of execution against lands as well as goods, because the debtor held mediately or immediately from the king and was regarded as bound, not only in person, but as the tenant of a feud; but lands were not subject to execution for the debt of any private citizen. As the writ of *fieri facias* extended only to the goods and chattels of the judgment debtor and the growing profits of his

land, and did not run against the land itself, relief was sought in the writ of Elegit (Westm. 2, 13 ed., 1), by which, if the debtor's goods and chattels were not sufficient, one-half of his freehold lands were delivered to the creditor. 2 Freeman on Executions, sec. 172; *Coombs v. Jordan,* 22 A.D. (Md.), 236, 256; 3 Bl., 418; *Smith v. Spencer,* 25 N. C., 256. When some of our earlier decisions were rendered a similar statute was in force in this State. It was provided that lands should be chargeable with debts and should be subject to the same process and remedies that personal estate was subject to; also that it should be in the election of the judgment creditor to have a writ of *fi. fa.* directing the sheriff to levy on the debtor's lands and goods, or to deliver to the creditor the chattels of the debtor, except such as were exempt from execution, and one-half his land, "until the debt or damage be levied, upon a reasonable extent or price." Revised Statutes, ch. 45, sec. 3. If the creditor elected to issue the writ of *fi. fa.* the officer, contrary to the rule at common law, could levy upon real as well as personal property. *Barden v. McKinne,* 11 N. C., 279; *Tarkinton v. Alexander,* 19 N. C., 87. Personal property, if seized, could be sold after the return of the writ and at any distance of time; that is, if a levy of goods was made in due time the sheriff could complete the levy by selling them after the return day; but after the return day he could not make the levy. *Lanier v. Stone,* 8 N. C., 329; *Barden v. McKinne, supra; Smith v. Spencer, supra.* The reason given by the Court was this: By the seizure of goods and chattels the sheriff acquired a qualified property in them and could maintain an action founded on this right. He could sell by virtue of this property though his writ had been returned; he did not need a subsequent order of sale, for the goods were *in custodia legis. Barden v. McKinne, supra; Seawell v. Bank,* 14 N. C., 279; *Tarkinton v. Alexander, supra; Samuel v. Zachery,* 26 N. C., 377.

It was not so, however, as to land, concerning the sale of which the Court said: "The sheriff makes no seizure; is not liable for the value; the debtor is not discharged to that or any amount; the sheriff acquires no possession. He only sells the defendant's estate in the lands. He does not deliver possession to the purchaser as he does in the sale of goods, but only clothes him with the defendant's estate, and leaves him to acquire possession as he can. This shows very clearly that the sheriff sells (land) by virtue of a power, and not by virtue of a special property of any kind." *Seawell v. Bank, supra.* Accordingly, it was held that if the sheriff levied upon land under a *fi. fa.* and returned his writ he could not thereafter sell the land without a *venditioni exponas,* which continued the lien and the authority to sell. *Smith v. Spencer, supra; Walton v. Jordan,* 65 N. C., 170; *Baldwin v. York,* 71 N. C., 463. As

he was authorized to sell only by virtue of a power, when his power ceased his right to sell also ceased; and it was decided that the day on which the execution was returnable was "the utmost time allowed by the law to execute it" *(Lanier v. Stone, supra),* although a sale of land could be made on the return day. *Tayloe v. Gaskins,* 12 N. C., 295. Upon this principle the Court adjudged that a sale of land made after the writ had expired was void. *Love v. Gates,* 24 N. C., 15. These decisions are to the effect that when the mandate expires by limitation the officer's authority to sell real property comes to an end.

In this respect the law now in force is no less stringent than the statutes which controlled the former practice. A judgment recovered in the Superior Court for the payment of money is a lien on land from the moment it is docketed, and executions issued to enforce collection are returnable to the next term of the court beginning not less than forty days after they are issued. With the return day the mandate expires and the power to sell land under the particular writ is thereafter withheld. C. S., 614, 672. The principle is expressed in *Rogers v. Cawood,* 55 A.D. 729, 732: "He (the sheriff) acts, in the levy and sale of land, under a mere naked power conferred by the execution, and to be exercised in conformity to its directions. The power ceases at the return of the writ, and until it shall be renewed no valid sale can be made. *Overton v. Perkins,* 10 Yerg., 329, is in point to this conclusion. There is no difference in this respect between the *fieri facias* and *venditioni exponas.* The same reason and principle should apply to both."

In the present case at the end of the February Term the execution, as said by *Chief Justice Taylor,* was dead in law; and as no alias was issued the sheriff had no authority to sell the plaintiff's land. His deed conveyed no title; J. D. Jeffreys was not a purchaser under an irregular execution, but a purchaser at a sale which was made without an execution. *Barden v. McKinne, supra.* The cases on which the appellants rely are applicable to executions or sales which are merely irregular, not to those which are void. In *Mordecai v. Speight,* 14 N. C., 428, the sheriff did not sell on the return day, but on the day following, and during the term to which the writ was returnable. The sale was sustained under *Lanier v. Stone, supra,* because the statute in respect to the postponement was directory and the delay did not invalidate the sale. *Brooks v. Ratcliff,* 33 N. C., 321. The other cases are distinguishable and require no discussion. The judgment is

Affirmed.